# Exhibit 5



**User Name:** Brooke Klingbeil
**Date and Time:** Monday, March 27, 2023 3:37:00PM CDT
**Job Number:** 193559353

# Document (1)

1. *Bey v. Walker, 2011 U.S. Dist. LEXIS 66222*
   **Client/Matter:** -None-
   **Search Terms:** • Bey v. Walker, 2011 U.S. Dist. LEXIS 66222 * 7 ( U.S. Dist. E.D. WI, 6/20/2011)
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

# [Bey v. Walker](#)



United States District Court for the Eastern District of Wisconsin

June 20, 2011, Decided; June 21, 2011, Filed

Case No. 11-C-0580

**Reporter**
2011 U.S. Dist. LEXIS 66222 *

KABIR KARIM BEY and MATEEN HADI BEY, Plaintiffs, v. SCOTT WALKER, et al., Defendant.

## Core Terms

photographic identification, in forma pauperis, frivolous, allegations

**Counsel:** [*1] Kabir Karim Bey, also known as Erik B Hudson, Plaintiff, Pro se, Appleton, WI.

Mateen Hadi Bey, also known as Betty I Jerusalem, Plaintiff, Pro se, Appleton, WI.

For Scott Walker, Defendant: Wisconsin Dept of Justice - 1983 Actions.

**Judges:** William C. Griesbach, United States District Judge.

**Opinion by:** William C. Griesbach

## Opinion

**SCREENING ORDER**

Plaintiffs Kabir Karim Bey and Mateen Hadi Bey have brought an action under *42 U.S.C. 1983* alleging that Wisconsin Governor Scott Walker and the Wisconsin Legislature violated their constitutional rights. They have also filed a motion for leave to proceed *in forma pauperis.* Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. *28 U.S.C. § 1914*. The federal *in forma pauperis* statute, *28 U.S.C. § 1915*, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*. *Section 1915* authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to [*2] redress." *28 U.S.C. § 1915(a)*.

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)*. The reason the Court is required to screen *in forma pauperis* complaints is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under *Federal Rule of Civil Procedure 11*." *Neitzke 490 U.S. at 327*. A claim is frivolous where the factual allegations or legal conclusions lack an arguable basis in law or fact. In making such determinations, the Court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)*, and must accept well-pleaded factual allegations as true. But even [*3] pro se allegations must contain at least some minimum level of factual support. Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 758 (7th Cir. 1988)*.

Here, Plaintiffs have filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiffs are presently unemployed and have limited assets. Based on Plaintiffs' affidavit of indigence, the Court is

satisfied that they meet the poverty requirements of *28 U.S.C. § 1915*.

But Plaintiffs will not be allowed to proceed *in forma pauperis* because their claims are frivolous and do not state a claim upon which relief may be granted. While the complaint provides only sparse details of Plaintiffs' claims, it does allege that Plaintiffs are members of the Moorish Science Temple of America (MSTA), a sect of Islam which diverges from other Muslim groups in that the MSTA has its own prophet, its own prayer book and prayers, and its own holidays. See *Johnson-Bey v. Lane, 863 F.2d 1308, 1309 (7th Cir.1988)*(declining to question whether MSTA "is a [*4] bona fide religion"). Plaintiffs advance the following four allegations: (1) "as Moors, we have a right to travel although every other situation when traveling on our roads your police/sheriff violate our rights as true and natural person of this land;" (2) that Scott Walker has "passed into our state a requirement that one has to possess a photo I.D. to cast a national ballot to vote"; (3) that the "State of Wisconsin territory does not acknowledge or received our Moor status, or our Diplomatic Immunity Registration Number AA22141)"; and (4) that they should not have to pay "property transfer tax". (Compl. at 1.) For relief Plaintiffs ask Wisconsin to update its "data" to reflect "Moors right to travel unmolested," ask to be able to vote by showing Moorish nationality and identification cards without photo identification; ask that they be able to use their Moorish Diplomatic Immunity Registration to work and open a bank account; and finally ask that they not have to pay property transfer tax.

Plaintiffs' complaint is frivolous and fails to state a claim. It is difficult to determine whether Plaintiffs are claiming religious exemptions from state laws or that their status as "Moorish-American" [*5] nationals precludes enforcement of such laws against them. Regardless, their claims are without merit. See *United States v. James, 328 F.3d 953, 954 (7th Cir.2003)* ("Laws of the United States apply to all persons within its borders."); *Allah El v. Dist. Att'y for Bronx County, No. 09 Civ. 8746, 2009 U.S. Dist. LEXIS 105869, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009)* ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."); *Murakush Caliphate of Amexem Inc. v. New Jersey, No. 11-1317, 2011 U.S. Dist. LEXIS 51887, 2011 WL 1871431, *3 (D.N.J. May 13, 2011)* (concluding that legal actions were "frivolous" because they were based on "self-granted 'Moorish citizenship' and from ... correspondingly-produced homemade 'Moorish' documents ... [and] 'world passports'"); *Saabirah El v. City of New York, No. 00 Civ. 8979, 2002 U.S. Dist. LEXIS 12431, 2002 WL 1482785, at *4 (S.D.N.Y. July 10, 2002)* (status as a Moorish American does not affect obligation to pay taxes).

Plaintiffs' claims apparently stem from their reliance on the notion that they have special status in the United States stemming from their association with a Moorish Nation. Other Courts have characterized adherents to such views as "scofflaws [*6] and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 732 (M.D.N.C.2008)*. Courts have consistently denied plaintiffs permission to proceed as paupers in suits predicated on such principles. *See, e.g., Hampton v. City of Durham, No. 1:10CV706, 2010 U.S. Dist. LEXIS 100255, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept.22, 2010)* (unpublished); *El-Bey v. North Carolina Dep't of Health and Human Servs., No. 1:09CV693, 2010 U.S. Dist. LEXIS 11123, 2010 WL 520877, at *2-3 (M.D.N.C. Feb.9, 2010)* (unpublished).

Under even a liberal construction of their *pro se* complaint, Plaintiffs are not entitled to relief. On May 25, 2011 Governor Scott Walker signed a new law which will require voters to present photo identification beginning with the 2012 presidential election. The Supreme Court has held that states may craft laws requiring voters to show photo identification. See *Crawford v. Marion County Election Bd., 553 U.S. 181, 197, 128 S. Ct. 1610, 170 L. Ed. 2d 574 (2008)* (finding no constitutional deficiency in Indiana's photo identification law and noting that "an increasing number [*7] of States have relied primarily on photo identification" to identify eligible voters). Here, Plaintiffs' suggestion that they should be allowed to vote by presenting their Moorish "nationality and identification card" does not state a claim as Plaintiffs do not allege that they have been or will be denied the right to vote. That is, Plaintiffs' complaint does not demonstrate standing. Plaintiffs' speculations about the impact of Wisconsin's photo identification law do not "establish that they have sustained or are immediately in danger of sustaining some direct injury." *See, e.g., Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir.2001)* (holding a plaintiff's self-serving statements, unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment); *Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir.1994)*. In the instant case, Plaintiffs have not alleged that they lack

photo identification or that obtaining such identification would be burdensome. Instead, all the Court can divine from their complaint is that they would *prefer* to vote using their Moorish identification which apparently does not contain a photograph. But "the offense [*8] they feel [about the requirements of the new law] does not confer on them Article III standing." *Indiana Democratic Party v. Rokita, 458 F. Supp.2d 775, 814 (S.D. Ind. 2006)*.

**IT IS THEREFORE ORDERED** that the motion to proceed *in forma pauperis* is **denied** and this action is **dismissed** pursuant to *28 U.S.C. §§ 1915(e)(2)(B)* as frivolous.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to *28 U.S.C. § 1915(a)(3)* unless the plaintiffs offer a bonafide argument supporting their appeal.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment of dismissal.

Dated this 20th day of June, 2011.

/s/ William C. Griesbach

William C. Griesbach

United States District Judge

**End of Document**