# Exhibit 7



**User Name:** Brooke Klingbeil
**Date and Time:** Monday, March 27, 2023 1:12:00PM CDT
**Job Number:** 193541538

## Document (1)

1. *Hobbs v. Shesky, 2022 U.S. Dist. LEXIS 202037*

   **Client/Matter:** -None-
   **Search Terms:** • Hobbs v. Shesky, 2022 U.S. Dist. LEXIS 202037 at *23 (E.D. Wis., November 7, 2022)
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |


# [Hobbs v. Shesky](#)

United States District Court for the Eastern District of Wisconsin

November 7, 2022, Decided; November 7, 2022, Filed

Case No. 22-cv-492-pp

**Reporter**

2022 U.S. Dist. LEXIS 202037 *; 2022 WL 16752064

LAWRENCE HOUSTON HOBBS, Plaintiff, v. RUSTEN SHESKY, DANIEL G. MISKINIS, ERIC LARSEN, CITY OF KENOSHA, KENOSHA POLICE DEPARTMENT, and JOHN/JANE DOES, Defendants.

## Core Terms

Kenosha, summons, personal jurisdiction, serving, police department, city attorney, electronically, defendants', properly serve, pleadings, caption, good cause, appointment, copy of the summons, motion to dismiss, filing fee, documents, municipal, org, individual defendant, no evidence, state law, delivering, summonses, entity, receive service, lawsuit, rights, abode, bears

**Counsel:** [*1] Lawrence Houston Hobbs, Plaintiff, Pro se, Canyon Lake, TX.

For Rusten Shesky, Daniel G Miskinis, Eric Larsen, City of Kenosha, Kenosha Police Department, Defendants: Edward R Antaramian, City of Kenosha, Kenosha, WI.

**Judges:** HON. PAMELA PEPPER, Chief United States District Judge.

**Opinion by:** PAMELA PEPPER

## Opinion

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 8), DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' PLEADINGS (DKT. NO. 12) AND DISMISSING CASE WITHOUT PREJUDICE**

On April 22, 2022, the plaintiff, representing himself, filed a complaint against the City of Kenosha, the Kenosha Police Department, Officer Rusten Shesky,[1] Interim Police Chief Eric Larsen, former Police Chief Daniel G. Miskinis, Jr., and John/Jane Does alleging various constitutional violations and tort claims arising out of his termination from the Bureau of Land Management. Dkt. No. 1. The defendants have filed a motion to dismiss the complaint under [Federal Rules of Civil Procedure 12(b)(2)](#), [12(b)(5)](#), [12(b)(6)](#) and [12(b)(7)](#). Dkt. No. 8. Because the plaintiff has not demonstrated that he properly served the defendants, the court does not have personal jurisdiction over this suit and will dismiss the case without prejudice.

### I. Procedural Background

The plaintiff filed his April 22, 2022 complaint using [*2] a standard civil complaint form for self-represented persons. Dkt. No. 1 at 1-6. The form lists the following defendants in the case caption: "Rusten Shesky et al: {Daniel G. Miskinis Jr; John/Jane Does; and Eric Larsen and City of Kenosha, Kenosha Police Dept.}" Id. at 1. On the second page of the form, subsection B asks plaintiffs to provide identifying information for "each defendant named in the complaint;" the plaintiff named, and provided the requested information for, Shesky, Larsen and Miskinis, as well as listing "Unamed John/Jane Doe(s)" and indicating that their identifying information was "TBD." Id. at 2.

On page 4 of the complaint form, Section III asked the plaintiff for his statement of the claim. Dkt. No. 1 at 4. The plaintiff wrote, "See attached Complaint." Id. at 5. Pages 7-71 are a document titled "Attachment C-L Plaintiffs '[Section 1983](#)' Complainant of 04/22/22," which the plaintiff refers to as his "Complaint." Id. at 7-71. The "complaint" alleges that Shesky conspired with his

---

[1] At many points in the seventy-two-page complaint, the plaintiff refers to a "Justen Shesky." It appears that "Rusten" and "Justen" Shesky are the same person. It is not clear why the plaintiff uses the different spellings.

wife—a federal employee at the U.S. Department of the Interior, Bureau of Land Management ("BLM")—to falsely allege that the plaintiff had committed sexual misconduct, sexual harassment and/or sexual [*3] assault against Shesky's wife, leading to the plaintiff's termination from the BLM. Id. at 10-13. The plaintiff alleges that after his termination, he has continued to be a victim of harassment, discrimination and retaliation and has suffered loss of income and other economic damages estimated to be at least $3 million. Id. at 13-14. The complaint raises fourteen legal claims against the defendants, which the plaintiff alleges arise under *42 U.S.C. §§1983*, *1985* and *1986* and Wisconsin law. Id. at 53-71. In this document, the plaintiff clarifies that he is seeking judgment against Sheskey, Miskinis and other unnamed defendants, as well as the City of Kenosha and the Kenosha Police Department. Id. at 70-71.

On the same day the court received the complaint, it received from the plaintiff a motion seeking leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion asking for permission to file documents electronically and to use "certain electronic devices in the courtroom," dkt. no. 3. On May 27, 2022, the court issued an order denying the plaintiff's motion to proceed without prepaying the filing fee and denying the motion to file documents electronically and use certain devices in the courtroom. [*4] Dkt. No. 5. Eleven days later, on June 7, 2022, the court received from the plaintiff the full filing fee.

On June 21, 2022, the court received from the plaintiff a motion asking the court to alter or amend its order denying his request to file documents electronically. Dkt. No. 6.

Three weeks later, the court received from the defendants the instant motion to dismiss. Dkt. No. 8. The defendants asked the court to dismiss the complaint under *Federal Rules of Civil Procedure 12(b)(2)* (lack of personal jurisdiction), *12(b)(5)* (insufficient service of process), *12(b)(6)* (failure to state a claim upon which relief can be granted) and *12(b)(7)* (failure to join a party under *Rule 19*). Dkt. No. 8. The defendants' affidavit of mailing indicates that they sent the motion to the plaintiff by first-class mail on July 11, 2022. Dkt. No. 10. Under this court's Civil Local Rule 7(b), a non-moving party's response to a motion is due within twenty-one days of service of the motion. Because the defendants filed and served their motion on July 11, 2022, the plaintiff's response (or request for more time to file one) was due on approximately August 1, 2022. The court did not receive anything from the plaintiff by that date.

On August 19, 2022, the court denied the plaintiff's motion to alter [*5] or amend its order denying his request to file documents electronically. Dkt. No. 11.

On September 2, 2022—one month and three weeks after the defendants filed their motion to dismiss—the court received from the plaintiff a motion (which he designated as a Civil Local Rule 7(h) expedited motion) "to strike defendants pleadings from the record for insufficient certificate of service." Dkt. No. 12. The motion is dated August 27, 2022. Id. at 4. This motion does not identify the "pleadings" that the plaintiff asks the court to strike. The motion asserts that the defendants were required by this court's local rules to serve all documents on him electronically.

The defendants oppose that motion, arguing that it is inappropriately filed under *Civil L.R. 7(h)* because it seeks dispositive relief and that they properly served the plaintiff. Dkt. No. 13.

## II. Failure to Effect Service and Personal Jurisdiction

The defendants first ask the court to dismiss the case under *Rule 12(b)(2)* (lack of personal jurisdiction) and *Rule 12(b)(5)* (insufficient service of process). Dkt. No. 9 at 4. In their twenty-nine-page brief, they devote only three sentences to this argument: they assert that the court cannot exercise personal jurisdiction over a defendant unless the [*6] defendant has been properly served, that the service requirement is not satisfied merely because the defendant is aware that he/she has been named in a lawsuit or has received a copy of the complaint and that they have not been properly served. Id.

The document that the court received from the plaintiff almost two months after the defendants filed their motion to dismiss does not address these arguments. Dkt. No. 12. It does not address the defendants' spare argument that the plaintiff has not properly served them or address the question of personal jurisdiction. It demands that the court dismiss all the defendants' pleadings because the defendants did not electronically serve them on the plaintiff. Id.

Jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)* (emphasis in the original).

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)*. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co., 523 U.S. at 94* (quoting *Ex Parte McCardle, 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)*).

"Because the requirement of personal jurisdiction **[*7]** represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)*. But the defendants are not waiving the requirement of personal jurisdiction; quite the opposite. They have filed a motion (as allowed by *Rule 12(b)(2)*) expressly asserting that the court does not have personal jurisdiction over them. If this court does not have personal jurisdiction over the defendants, it has no power to adjudicate the case and must dismiss it.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)*. A federal court "cannot exercise personal jurisdiction over a defendant unless the defendant has been properly served with process," and "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." *United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008)* (citations omitted). "When challenged, the plaintiff has the burden of proving personal jurisdiction." *John Crane, Inc. v. Shein Law Center, Ltd., 891 F.3d 692, 695 (7th Cir. 2018)* (citing *Northern Grain Mktg., LLC v. Greving, 743 F.3d 487, 491 (7th Cir. 2014)*). See also, *Cardenas v. City of Chi., 646 F.3d 1001, 1005 (7th Cir. 2011)* (when a defendant challenges the manner of service through a motion to dismiss under *Rule 12(b)(5)*, the plaintiff bears the "burden to demonstrate that the district court has jurisdiction over **[*8]** each defendant through effective service.").

The plaintiff has not responded to the defendants' assertion that the court does not have personal jurisdiction or addressed the question of personal jurisdiction, so he has not met his burden. Given that, the court could grant the defendants' *Rule 12(b)(2)* motion to dismiss (despite their less than fulsome argument). Instead, the court will make an independent determination regarding personal jurisdiction.

*Federal Rule of Civil Procedure 4* governs service of process. *Rule 4(c)(1)* says that the plaintiff is responsible for having the summons and complaint served on the defendants within the period specified by *Fed. R. Civ. P. 4(m)*. When serving an individual defendant, a plaintiff properly serves the defendant by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(a) delivering a copy of the summons and complaint to the individual personally;

(b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(c) delivering a copy of each to an agent authorized by appointment or by law to **[*9]** receive service of process.

*Fed. R. Civ. P. 4(e)*. When serving a state or local government, the plaintiff must deliver a copy of the summons and the complaint to the government's chief executive officer or serve a copy of each in the manner prescribed by that state's law for serving a summons on a state or local government. *Fed. R. Civ. P. 4(j)(2)*.

The brief indicates that "[o]n June 20, 2022, Plaintiff caused to be served on the Office of the City of Attorney for the City of Kenosha, three copies of the Complaint. Attached to each copy of the Complaint was one of the three summonses that are attached hereto . . . ." Dkt. No. 9 at 1. The defendants assert that while each summons bears the same case number, each has a different case caption and that "[i]n the notification portion of the summonses, none identify the party to whom the summons is issued." Id.

The defendants attached to the brief in support of their motion three summons. Dkt. Nos. 9-1, 9-2, 9-3. All three are signed by the Clerk of Court for the Eastern District of Wisconsin and dated June 7, 2022. The first bears case number 22-CV-492 and the caption "Lawrence H Hobbs v. Police Officer Rusten Shesky Kenosha Police Department." Dkt. No. 9-1. In the space for identifying **[*10]** the defendant's name and address, the following appears:

> 1000 55th Street, Kenosha, WI 53140, 262.605.5200, EMAIL: info@kenosha.org; c/o City Attorney, EDWARD A. ANTARAMIAN, Room 201, 625-52nd Street ; Kenosha, WI 53140, PHONE:262.653.4170, FAX: 262.925.5933 EMAIL: webcityattorney@kenosha.org or 1000 55th Street, Kenosha, WI 53140.

Id.[2]

The second summons also bears case number 22-CV-492, but the caption reads "Lawrence H Hobbs v. Daniel G Miskinis Jr Former Chief of Police Kenosha Police Department." Dkt. No. 9-2. In the space for identifying the defendant's name and address, the following appears:

> 1000 55th Street, Kenosha, WI 53140, 262.605.5200, EMAIL: info@kenosha.org ; c/o City Attorney, EDWARD R. ANTARAMIAN, Room 201, 625-52nd Street; Kenosha, WI 53140, PHONE:262.653.4170, FAX: 262.925.5933 EMAIL: webcityattorney@kenosha.org or 169 30th Ave, Kenosha, WI 53144 Landline: (262) 552-5353 Wireless: (262) 620-3634

Id.[3]

The third summons again bears case number 22-CV-492, but the caption reads, "Lawrence H Hobbs v. Kenosha Police Dept. c/o Eric Larsen acting his official capcity [sic] as acting Police Chief, City of Kenosha WI/Kenosha Police Department." Dkt. No. 9-3. In the space for identifying [*11] the defendant's name and address, the following appears:

> 1000 55th Street, Kenosha, WI 53140, 262.605.5200, EMAIL: info@kenosha.org; c/o City Attorney, EDWARD A. ANTARAMIAN, Room 201, 625-52nd Street; Kenosha, WI 53140, PHONE:262.653.4170, FAX: 262.925.5933 EMAIL: webcityattorney@kenosha.org

Id. On this one, someone has used a yellow highlighter to highlight "c/o City Attorney, EDWARD R. ANTARAMIAN, Room 201, 625-52nd Street; Kenosha." Id.

The defendants correctly point out that the plaintiff completed the summonses incorrectly; he put the name of the defendant he was trying to serve in the caption of the summons (rather than listing the correct caption of the case) and put the name and contact information of the city attorney in the section where he should have put the name and address of the defendant to be served. Nonetheless, it seems fairly clear that the plaintiff attempted to serve Rusten Shesky, Daniel G. Miskinis and either Eric Larsen or the Kenosha Police Department[4] by providing copies of the complaint and these summonses to Kenosha City Attorney Edward Antaramian. Based on the information before the court, that service was not proper.

Shesky, Miskinis and Larsen are [*12] individuals. Under Rule 4(e), the plaintiff's first option for serving these individuals was to follow Wisconsin's law for service of process. Under Wisconsin law, a plaintiff must serve an individual defendant by personally serving the summons on the defendant. Wis. Stat. §801.11(1)(a). If, with reasonable diligence, a plaintiff is unable to effectuate service by personally serving the individual defendant, the plaintiff may leave a copy of the summons at the defendant's usual place of abode in the presence of a competent member of the defendant's family who is at least fourteen years old and informed of the summons' contents; in the presence of a competent adult residing in the defendant's abode who is informed

---

[2] The web page for the City of Kenosha indicates that the address of the police department is 1000 55th Street, Kenosha, WI 53140 and its phone number is (262) 605-5200. https://www.kenosha.org/departments/police. The site reflects that the City Attorney is Edward R. Antaramian, that his address is 625-52nd Street Room 201, Kenosha, WI 53140, that his phone number is (262) 653-4170 and his fax number is (262) 925-5933. https://www.kenosha. org/departments/city-attorney.

[3] 169 30th Avenue in Kenosha appears to be a single-family home. https://www.realtor.com/realestateandhomes-detail/169-30th-Ave_Kenosha_WI_53144_M83806-84771. In the complaint, the plaintiff alleges that it is the last known address of Miskinis. Dkt. No. 1 at 20.

[4] The caption of the form complaint lists "Eric Larsen *and* City of Kenosha, Kenosha Police Dept." as defendants. Dkt. No. 1 at 1. It also lists Larsen as an individual defendant in its list of defendants. Id. at 2. The caption of the plaintiff's attachment lists Eric Larsen individually and in his official capacity. Id. at 7. The third summons, however, indicates in the caption that the plaintiff was suing "Kenosha Police Dept. c/o Eric Larsen acting in his official cap[a]city as acting Police Chief." Dkt. No. 9-3. The seventy-two-page complaint makes no allegations of individual misconduct against Larsen. It appears that the plaintiff named Larsen only because Larsen is the acting police chief and not because of any personal misconduct on Larsen's behalf. In an abundance of caution, the court has considered whether the plaintiff effected personal service on Larsen individually.

of the summons' contents; or "pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made." Id. §801.11(1)(b). If, with reasonable diligence, the plaintiff is unable to serve the defendant in any of these means, "service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing." Id. §801.11(2).

The plaintiff has presented no evidence that he personally served Shesky, Miskinis **[*13]** or Larsen. He has presented no evidence that he exercised due diligence in trying to do so. He has not presented evidence that he left a copy of the summons and complaint at any of the defendants' usual places of abode in the presence of a competent member of that defendant's family who was at least fourteen years of age and informed of the contents of the summons. He has not presented evidence that he left the summons and complaint with an adult residing in any defendant's abode who was informed of the summons' content.

Because Wisconsin law and Rule 4(e)(2)(A) and (B) provide for almost identical methods of service, the only other way the plaintiff could have served the three individual defendants would have been to comply with Rule 4(e)(2)(C) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. The court suspects that while the plaintiff may not be familiar with Rule 4(e)(2)(C), he likely believed that the city attorney somehow "represents" police officers such as defendants Shesky, Miskinis and Larsen and that by delivering the summonses and complaints to the city attorney, he was "serving" Shesky, Miskinis and Larsen.

The website for the City of Kenosha **[*14]** states that the Kenosha city attorney has one client—the entity of the City of Kenosha. https://www.kenosha.org/departments/city-attorney. Even so, it does not appear that the city attorney is an agent authorized by Wisconsin law to accept service on behalf of the city. Under Wisconsin law, a plaintiff serves suit on a city by serving the summons on the mayor, city manager or clerk thereof. Wis. Stat §801.11(4)(a)(3). The statute does not mention the city attorney. And the plaintiff has presented no evidence that the city attorney is authorized by appointment or law to receive service of process for employees of the police department. The Seventh Circuit held years ago that the fact that a lawyer is representing an individual in an unrelated case "furnishes no basis for the validation of the service of process on" that attorney; the plaintiff must demonstrate that the attorney was authorized by law or appointment to receive service of process in this case. See Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971). The plaintiff has presented no evidence that Kenosha City Attorney Edward Antaramian was authorized by either law or appointment to receive service on behalf of Shesky, Miskinis or Larsen.

The court finds that the plaintiff has failed to properly serve **[*15]** the individual defendants.

That leaves the organizational defendants—the Kenosha Police Department and the City of Kenosha. To serve a state, a municipal corporation or any other state-created governmental organization that is subject to suit, the plaintiff must (a) deliver a copy of the summons and of the complaint to its chief executive officer; or (b) serve a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). As noted above, under Wisconsin law, a plaintiff serves suit on a city by serving the summons on its mayor, city manager or clerk. Wis. Stat §801.11(4)(a)(3). Against "any other body politic," the plaintiff must serve "an officer, director, or managing agent thereof." Wis. Stat. §801.11(4)(a)(7).

It appears that the plaintiff may have attempted to serve the Kenosha Police Department. The third summons lists in the caption "Kenosha Police Dept. c/o Eric Larsen acting in his official capcity as acting Police Chief, City of Kenosha WI/Kenosha Police Department." Dkt. No. 9-3. But while he named in the caption of the summons an "officer, director, or managing agent" of the Kenosha Police Department—chief Eric Larsen—the plaintiff did not *serve* Eric Larsen. He served **[*16]** the Kenosha City Attorney. Again, the plaintiff has presented no evidence that the Kenosha City Attorney was an agent authorized by law or appointment to receive process on behalf of the Kenosha Police Department in this case.

There is no evidence that the plaintiff attempted to serve the City of Kenosha. The first two summonses do not mention the City of Kenosha. The third one includes the words "City of Kenosha WI" when referring to the police department and Eric Larsen, but there is no indication that the plaintiff addressed a summons solely to the city. Even if he had done so, the plaintiff would have been required to serve that summons on the mayor, the city manager or the city clerk (unless the city attorney had been appointed an agent authorized to accept service,

and the plaintiff has presented no proof of such an appointment). As with the individual defendants, the plaintiff has not properly served the entity defendants and the court does not have personal jurisdiction over the City of Kenosha or the Kenosha Police Department.

When a plaintiff becomes aware that he has not effected proper service, he may try again. But Federal Rules of Civil Procedure limit the time for effecting [*17] service. Rule 4(m) states that

> [if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Seventh Circuit has held that when the court rejects a motion to proceed without prepaying the filing fee, the complaint is deemed "filed" when the filing fee is paid. Williams-Guice v. Bd. of Educ. of the City of Chi., 45 F.3d 161, 162 (7th Cir. 1995); Robinson v. Am. Best Contacts & Eyeglasses, 876 F.2d 596, 597 (7th Cir. 1989). The court denied the plaintiff's motion to proceed without prepayment of the filing fee on May 27, 2022, dkt. no. 5, and the court received the filing fee on June 7, 2022. This means the plaintiff's complaint was "filed" on June 7, 2022 and the ninety-day period for effecting service expired on September 5, 2022.

The defendants filed their motion to dismiss on July 11, 2022—fifty-six days before the expiration of the plaintiff's ninety-day deadline for effecting service. Even if it took a couple of weeks for the motion to reach the plaintiff in Texas, he still would have had a month and a half to correctly serve [*18] the defendants. If he was having trouble properly serving the defendants, he could have filed a motion asking the court to extend the deadline for him to do so. He did not.

Nor has the plaintiff attempted to demonstrate to the court that he had good cause for failing to properly serve the defendants. Rule 4(m) says that if the plaintiff does not serve the defendant within ninety days, this court "must dismiss the action without prejudice against the defendant or order that service be made within a specific time." It also says that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "In other words, if good cause for the delay is shown, the court must extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time . . . ." United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006) (citing Henderson v. United States, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002)). "Thus a plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." Id. Upon learning that the defendants were alleging that he had not properly served them, the plaintiff could have provided the court with an affidavit or declaration explaining why he had [*19] not effected proper service. He has not done so.

The court understands that the plaintiff is not a lawyer and may not be familiar with the requirements of Rule 4. "But neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements of Rule 4(m)." Rose v. U.S. Postal Service, 352 F. App'x 82, 84 (7th Cir. 2009) (citing McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001); Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule."). Because the plaintiff has not properly served any of the defendants, the court concludes that it has no personal jurisdiction over the defendants, which warrants dismissal of the case without prejudice under Fed. R. Civ. P 12(b)(2).

## III. Miscellaneous Matters

The court is dismissing the case without prejudice. That means that the plaintiff may file another lawsuit raising the same claims, assuming that the claims are not barred by any relevant statute of limitations. To that end, the court notes several things.

First, the plaintiff himself cited in the complaint Federal Rule of Civil Procedure 8. That rule provides that a pleading that states a claim for relief—a complaint—must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). The complaint in [*20] this case is anything but short and anything but plain. The length of the complaint makes it hard to determine the facts the plaintiff is alleging—the who, what, when, where and why underlying the legal claims (which is all that a court and the defendants need in a complaint). The complaint

form the plaintiff used advised him to write a "short and plain statement of the claim." Dkt. No. 1 at 4. It instructed him not to make legal arguments and to state as briefly as possible the facts showing that he was entitled to relief and the facts about what each defendant did to violate his rights. Id. The plaintiff ignored these instructions. If he files another lawsuit, he might consider following them.

Second, the plaintiff brought this suit under 42 U.S.C. §1983. "Section 1983 create a private right of action against any 'person' who violates the plaintiff's federal rights while acting under color of state law." Dean v. Wexford Health Sources, Inc., 18 F.4th 214, 235 (7th Cir. 2021) (citing 42 U.S.C. §1983). One of the elements of a §1983 claim is the requirement the plaintiff provide "proof that the defendants were acting under color of state law" when they allegedly violated his rights. Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001) (quoting Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001)). The simple fact that someone may work for the state does not mean that that person was "acting under color [*21] of state law" at the time the person allegedly violated the plaintiff's rights.

The plaintiff has sued supervisors in the Kenosha Police Department. There is no *respondeat superior*—supervisory liability—under §1983. Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021) (citations omitted). Government officials are liable only for their own misconduct. Id. (quoting Locke v. Haessig, 788 F.3d 662, 669 (7th Cir. 2015)). For a supervisor to be held liable under §1983, that supervisor must have been personally involved in the constitutional violation. Id. (citing Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017)). "Personal involvement" means that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. Id. (quoting Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)). A supervisor is not liable under §1983 simply because he was a supervisor.

The plaintiff sued the Kenosha Police Department. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b). "The federal courts look to state law to determine if a defendant is amenable to suit." DeGenova v. Sheriff of DuPage Cty., 209 F.3d 973, 976 n2 (7th Cir. 2000) (citing Fed. R. Civ. P. 17(b)). Under Wisconsin law, the Kenosha Police Department is an arm of the city of Kenosha; it is "not a legal entity separable from the [city] government which it [*22] serves," and therefore is not subject to suit under §1983. Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

The plaintiff also sued the city of Kenosha. In Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities are "persons" who may be sued under §1983. But "[m]unicipalities . . . are not vicariously liable for the constitutional torts of their employees or agents;" they are "liable under § 1983 only 'for [their] own violations of the federal Constitution and laws.'" Stockton v. Milwaukee Cty., 44 F.4th 605, 617 (7th Cir. 2022) (quoting First Midwest Bankex rel. LaPorta v. City of Chi., 988 F.3d 978, 986 (7th Cir. 2021)). A plaintiff who sues a municipality—such as the city of Kenosha—under §1983 "must show that some municipal action directly caused him to suffer a deprivation of a federal right, and that the municipality took the action with conscious disregard for the known or obvious risk of the deprivation." Dean, 18 F.4th at 235. The "municipal action" may be "an express policy that causes a constitutional deprivation when enforced," a "widespread practice that is so permanent and well-settled that it constitutes a custom or practice" or "an allegation that the constitutional injury was caused by a person with final policymaking authority." Id. (citations omitted). The plaintiff must show that the municipal action "was 'the "moving force" behind the federal-rights violation.'" Id. (quoting LaPorta, 988 F.3d at 987). "This is a high bar." [*23] Id.

The plaintiff purports to have sued individual plaintiffs—particularly Eric Larsen—in their "official capacities." "Official capacity suits are actions against the government entity of which the officer is a part." Sanville, 266 F.3d at 732 (citing Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir. 1983)). By suing Shesky, Miskinis and Larsen in their "official capacities," the plaintiff did nothing more than sue the city of Kenosha, which he'd also sued. Suing the defendants in their "official capacities" contributes nothing when a plaintiff has sued the governmental entity of which the defendant is a part.

Finally, because the court has no personal jurisdiction over the defendants, the plaintiff's expedited motion to strike the defendants' pleadings is moot. Dkt. No. 12. The court notes, however, that the motion is based on an apparent misunderstanding of the difference between "filing" and "serving." This court's General Local Rule 5 states, in pertinent part:

**(a) General Format of Papers Presented for Filing**.

**(1)** All pleadings and other papers must be filed by electronic means unless exempted or otherwise ordered by the Court, which may make reasonable exemptions from the electronic filing requirement.

**(2)** Pro se litigants are exempted from the electronic filing requirements **[*24]** set forth in (1) above and are permitted to file original paper.

*General L.R. 5*. The rule requires parties with access to electronic filing to *file with the court* electronically. It does *not* require them to serve documents on other parties electronically. The defendants have electronically filed each of the five documents they filed in this case. Those filings complied with *General L.R. 5*.

The plaintiff has asserted that he was not properly notified of any of the defendants' pleadings he did not receive them electronically; he asked the court to strike from the record any defense pleadings not sent to him electronically. There is no basis for the relief the plaintiff requested. Nothing in this court's local rules or the federal rules prohibit a party from serving motions or other pleadings by mail. If the court had not been required to dismiss the case for lack of personal jurisdiction, it would have denied this motion because it is without merit.

**IV. Conclusion**

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to strike the defendants' pleadings from **[*25]** the record. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 7th day of November, 2022.

**BY THE COURT**:

/s/ Pamela Pepper

**HON. PAMELA PEPPER**

**Chief United States District Judge**

**JUDGMENT IN A CIVIL CASE**

☐ **Jury Verdict**. This case came before the court for a trial by jury. The parties have tried the issues, and the jury has rendered its verdict.

☑ **Decision by Court**. This case came before the court, the court has decided the issues, and the court has rendered a decision.

**THE COURT ORDERS AND ADJUDGES** that the plaintiff's complaint is **DISMISSED** for lack of personal jurisdiction.

**THE COURT ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Approved and dated in Milwaukee, Wisconsin this 7th day of November, 2022.

**BY THE COURT**:

/s/ Pamela Pepper

**HON. PAMELA PEPPER**

**Chief United States District Judge**

**End of Document**