IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

    Plaintiff

v.

                                                    CASE NO. 23-CV-149

CITY OF SHEBOYGAN, ET AL.,

    Defendants

## DEFENDANT MAYA HILTY'S BRIEF IN SUPPORT OF HER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Maya Hilty ("Hilty") submits this brief in support of her motion to dismiss Plaintiff Todd Wolf's ("Wolf") only claim against her, for civil conspiracy. Wolf claims that Hilty, a local newspaper reporter, conspired with Sheboygan city officials to terminate him without due process of law. For the reasons stated below, Wolf's conspiracy claim against Hilty fails to state a claim upon which relief can be granted and should be dismissed.[1]

## INTRODUCTION

On January 9, 2023, the Sheboygan City Council voted to terminate Wolf who had served as City Administrator since June, 2020. Wolf had been placed on paid leave pending an internal

---

[1] This motion does not address the question of whether Wolf has actually identified a constitutional violation because his conspiracy claim suffers from the threshold deficiency of failing to adequately allege that Hilty reached an understanding to deprive Wolf of his constitutional rights and that she did so willfully. To the extent Wolf's claim against Hilty is to be construed as one for a declaratory judgment that she conspired to violate his due process rights, Hilty incorporates by reference the City-defendants' argument that Plaintiff's claim for declaratory judgment in relation to Claim Four should be dismissed because a declaratory judgment is inappropriate where there is no claimed continuing violation of federal law or any threat of future violation. (*See* ECF Dkt. 29 at 27).

investigation into Wolf's conduct. Hilty, the local government reporter for the *Sheboygan Press*, reported on the local controversy throughout the fall of 2022 – publishing multiple stories in the *Sheboygan Press*. Wolf now alleges that Hilty conspired with city officials to violate his due process rights because she wrote articles that generated "public outcry" against Wolf that, he contends, ultimately led to his removal as City Administrator. Wolf's claim against Hilty is both legally and factually meritless. A section 1983 claim against a private citizen, like Hilty, must allege that there was a concerted effort between a state actor and the private citizen to violate a constitutional right. Publishing news reports about local government controversies based on sources connected to that controversy is a news reporter's job; it is not conspiratorial conduct. And Wolf's conclusory allegations that Hilty's reporting was part of a conspiracy fall far short of his *Twombly/ Iqbal* pleading requirements. Wolf has failed to plausibly allege that, by doing her job as the local government reporter, there was a concerted effort or even a general understanding between Hilty and city officials to violate Wolf's constitutional due process right.[2] Wolf's claim against Hilty should be dismissed.

## BACKGROUND[3]

Wolf's complaint includes fourteen defendants and over 400 allegations, but Hilty is mentioned in only 45. Wolf's allegations against Hilty describe how she pursued her sources, conducted interviews of private and public individuals, and reported on the public dispute involving Wolf's alleged conduct that ultimately led to the City Council voting to terminate him. (*See* Compl. ¶¶ 2, 16, 111-20, 122-29, 141, 143-44, 148, 155-57, 168-69, 213-14, 220-21, 224-

---

[2] In addition, Hilty incorporates by reference Defendant Hill's argument that Wolf's claim should also be dismissed because he did not have a constitutionally protected interest in his employment. (See Dkt. 33 at 11-15.)

[3] While Wolf's complaint is a sprawling 63-pages, this brief only addresses the allegations relevant to Hilty and her alleged role in a conspiracy to deprive Wolf of his constitutional due process right.

2

26, 230, 334, 364 and Claim Four.) That is simply what reporters do. While Wolf alleges that Hilty's articles were "false and misleading" and meant to generate "public outcry," his Complaint falls far short of plausibly alleging that she willfully reached an understanding with city officials to deprive Wolf of a constitutional right.

Instead, Wolf's complaint includes conclusory allegations that Hilty conspired with two other private citizens – Mary Lynne Donohue, a "highly influential political power player" (Compl. ¶ 15), and Jill Hall, the private attorney hired by the city to conduct an internal investigation into Wolf's conduct (Compl. ¶ 17), along with City of Sheboygan officials – Mayor Ryan Sorensen (Compl. ¶ 5) and City Attorney Charles Adams (Compl. ¶ 6). (*See* Compl. Claim Four 42 U.S.C. § 1983 Conspiracy to Violate Mr. Wolf's Fourteenth Amendment Due Process Rights (Liberty).) His claim is that they devised an agreement in September 2022 to frame Wolf for leaking confidential information and incite a "public outcry," fabricating false "cause" to remove him as City Administrator. (Compl. Claim Four ¶ 8.) Notably and fatal to Wolf's claim against Hilty, a number of allegations related to the alleged plan to violate his due process rights are pled "on information and belief." (*See* Compl. ¶¶ 111, 112, 122, Claim Four ¶¶ 9, 12, 13, 19, 22, 24, 27-28.) That cannot satisfy the pleading standard.

## STANDARD

To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Park Pet Shop, Inc. v. City of Chi.*, 872 F.3d 495, 499 (7th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable' as alleged in the complaint." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[B]are allegations of conspiracy [are] not enough to survive a motion to dismiss

3

for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). The Court need not accept conclusory allegations as true for purposes of this motion. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

When pleading a section 1983 conspiracy claim involving a private individual, like Hilty, a plaintiff must allege that (1) "a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights" and (2) "those individual(s) were 'willful participant[s] in joint activity with the State or its agents.'" *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citation omitted). "The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution." *Id*. (citation omitted). Wolf cannot state a section 1983 claim directly against Hilty because a newspaper reporter is not a state actor and cannot be held liable under section 1983 for publishing the news. *See Chi. Joint Bd., Amalgamated Clothing Workers of Am., AFL-CIO v. Chi. Trib. Co.*, 435 F.2d 470, 474 (7th Cir. 1970) ("In sum, the function of the press from the days the Constitution was written to the present time has never been conceived as anything but a private enterprise, free and independent of government control and supervision. Rather than state power and participation pervading the operation of the press, the news media and the government have had a history of disassociation.") *See also Wellman v. Williamson Daily News, Inc.*, 582 F. Supp. 1526, 1527 (S.D. W.Va 1984) and *Skinner v. Dwyer*, No. 91-CV-238, 1992 WL 265995, at *2 (N.D. N.Y. Sept. 9, 1992). Instead, to state a section 1983 conspiracy claim against Hilty, Wolf must demonstrate that his alleged deprivation of a constitutional right resulted from Hilty acting under color of law. *Fries*, 146 F.3d at 457; *see also Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir 2019). "For an individual to act under color of law, there must be evidence of a *concerted effort*

4

between a state actor and that individual." *Id*. (emphasis in original) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

In this case, in an attempt to state a section 1983 conspiracy claim against Hilty, Wolf includes only allegations concerning issues he has with how Hilty conducted her journalist investigation and conclusory allegations that she conspired with city officials to create enough public outcry to prompt the City Council to terminate him. Wolf asserts that Defendants "devised a single agreement in September 2022 to frame Mr. Wolf for leaking confidential information and inciting a 'public outcry' and fabricating false 'cause' to remove him as City Administrator with eight Council votes." (Compl. Claim Four ¶ 8.) He then alleges that Hilty was one of the private citizens who acted, "in conjunction with the City official defendants to deprive Mr. Wolf of his clearly established due process rights to liberty and property." (Compl. Claim Four ¶ 32.) However, mere allegations of joint action or a conspiracy *do not* demonstrate that Hilty acted under color of state law and are not sufficient to survive a motion to dismiss. *See Fries*, 146 F.3d at 458; *see also Carpets by Carload, Inc. v. Warren,* 368 F. Supp. 1075, 1079 (E.D. Wis. 1973) (concluding that a state actor's notification of a matter of public record and interest to a newspaper does not constitute "state action" or a "conspiracy" for purposes of section 1983) and *Thomas v. City of New York*, No. 17-cv-06079, 2018 WL 5791965, at *14 (E.D.N.Y. Nov. 5, 2018) (citation omitted) ("It is well-established that 'actions by journalists in publishing a newspaper article do not constitute the requisite 'state action' to support state action claims.'")

While Wolf's complaint describes how Hilty sought and conducted interviews and reviewed source material for multiple articles that she wrote about the city's investigation into his conduct, nothing in his complaint demonstrates "the existence of any joint action, concerted effort, or even a general understanding" between city officials and Hilty. *See Fries*, 146 F.3d at

458; *see also Loveland v. Centinario*, No. 10-CV-811, 2010 WL 4103008, at *2 (E.D. Wis. Oct. 18, 2010) (citation omitted) (dismissing section 1983 conspiracy claim because the complaint consisted of "nothing more than 'mere allegations' of conspiracy and nothing to indicate 'joint action, concerted effort, or even a general understanding'" between state actor and private citizen). In addition, many of Wolf's allegations that defendants reached an understanding to deprive him of his constitutional rights are pled "on information and belief." (*See* Compl. ¶¶ 111, 112, and 122.) And Wolf's apparent suspicion of Hilty's journalistic motives is based on his allegation that she has used her platform to "advocate for DEIB ideologies and promote BLM and other social justice initiatives." (Compl. ¶ 113). However, "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough" to state a claim. *Cooney*, 583 F.3d at 971. Instead, allegations of a conspiracy "must further be supported by some factual allegations suggesting such a 'meeting of the minds.'" *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980) (citation omitted). Wolf's complaint is void of any factual allegations suggesting that there was any "meeting of the minds" between Hilty and city officials to violate his constitutional rights.

Hilty's local government reporting on a public controversy does not evidence a reaching of "an understanding [with state officials] to deprive the plaintiff of his constitutional rights" nor that Hilty was a "willful participant in joint activity with the State or its agents.'" *Fries*, 146 F.3d at 457. And while Wolf has not brought a defamation claim against Hilty or the *Sheboygan Press*, it is worth noting that Wisconsin provides newspapers and their reporters an absolute privilege in libel proceedings for the publication of "true and fair report[s]" of any "public official proceeding." Wis. Stat. § 895.05(1). Hilty's reports on official meetings and Common Council investigations and votes would, thus, be absolutely privileged in a defamation action

6

under Wisconsin law. Wolf would face additional hurdles in libel proceedings, as his status as a public official would require him to prove Hilty acted with "actual malice." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).

Here, the Northern District of New York's decision in *Skinner v. Dwyer* is instructive. In *Skinner*, plaintiff alleged a newspaper and local law enforcement official conspired to violate his constitutional rights by releasing the details of a grand jury investigation to the public. 1992 WL 265995, at *1. In support of his allegation of conspiracy, the plaintiff cited three newspaper articles reporting on his arrest and indictment for robbery. *Id.* The *Skinner* court made clear that "[a] newspaper does not act under color of law when it publishes news received from police or other state officials." *Id.* at *2. The court held that "a plaintiff's conclusory allegation that a nonstate actor conspired with a state actor does not suffice to state a section 1983 violation." *Id*. As the court emphasized:

> Publishing news reports about state criminal prosecutions, based on sources connected with the police or prosecutors, is a routine practice of all news organizations. Such reports are not published 'under color of law.' To hold otherwise [based on such bald assertions] would be to declare all news outlets state actors and to justify section 1983 actions by criminal defendants whenever there has been pretrial publicity of any sort or content.

*Id.* (citation omitted); *see also Leise v. Vt. Hum. Rts. Comm'n*, No. 22-cv-00009, 2023 WL 2633341, at *25 (D. Vt. Mar. 24, 2023) (dismissing section 1983 conspiracy claim against newspaper because complaint included mere conclusory allegation that newspaper acted in concert with state actor.)

The same reasoning applies here. Publishing news stories about a local political controversy, based on public and private sources and source material, is a routine practice of local news coverage. It is the job of a reporter. Hilty's articles were not published "under color

7

of law." To hold otherwise, based on Wolf's conclusory allegations, would be to declare nearly all news outlets are state actors and to justify section 1983 actions against journalists by aggrieved public officials whenever they challenge an adverse employment action that received coverage in the news media. Based on the allegations in Wolf's complaint, there is no conceivable set of facts under which Hilty could have been acting under color of law and, therefore, Wolf's conspiracy claim against her must be dismissed.[4]

## CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiff's conspiracy claim against Defendant Maya Hilty.

Dated this 3rd day of April, 2023.

GODFREY & KAHN, S.C.

*s/Brian C. Spahn*
Brian Spahn
State Bar No. 1060080
Max Lenz
State Bar No. 1104692

P.O. ADDRESS:
833 East Michigan
Milwaukee, WI 53202
Phone: 414-287-9314
Fax: 414-273-5198
bspahn@gklaw.com
mlenz@gklaw.com

---

[4] To the extent that Wolf's conspiracy claim also includes an allegation that Hilty conspired to slander and stigmatize him (*see* Compl. Claim Four ¶ 7), that claim also fails as a matter of law as words giving rise to such a claim must "come from the mouth of a public official." *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 356 (7th Cir. 1998).