IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

    Plaintiff,

v.                                                                      Case No. 23-CV-149

CITY OF SHEBOYGAN, ET AL.,

    Defendants.

### DEFENDANT JILL HALL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SURREPLY

Plaintiff Todd Wolf ("Wolf") moves[1] the Court for leave to file a sur-reply because, purportedly, Defendant Jill Hall's ("Hall") reply contained "new arguments" and "factual inaccuracies." Dkt. 60 at 1. Wolf's position does not bear scrutiny. Moreover, sur-replies are disfavored, *Fitzgerald v. Achterberg*, No. 19-cv-774, 2021 WL 808650, at *1 (W.D. Wis. March 3, 2021)), and courts grant leave to file them "only rarely", *Groshek v. Time Warner Cable, Inc.*, No. 15-cv-157, 2016 WL 4203506, at *4 (E.D. Wis. Aug. 9, 2016, aff'd, 865 F.3d 884 (7th Cir. 2017). The circumstances here do not demonstrate that this should be one of those "rare" occasions.

**1. Hall's Waiver Argument Is Not a "New" Argument to Justify a Sur-Reply**

In her reply, Hall argued (in part) that the claims against her should be dismissed because Wolf conspicuously failed to acknowledge—let along address—any of the arguments Hall set forth pursuant to Federal Rules of Civil Procedure 8 and 20. Dkt. 57 at 3, 5. In particular, Hall

---

[1] Wolf filed his motion pursuant to Local Civil Rule 7(h), although the motion appears to exceed the three pages permitted, even excluding the caption and signature block.

1

argued that Wolf's failure to address these arguments constituted waiver pursuant to *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.") (citations omitted) and *Raab v. Wendel*, No. 16-CV-1396, 2019 WL 1060856, at *29 (E.D. Wis. Mar. 6, 2019) (a party that fails to respond to arguments in a motion brief "concedes those points") (citations omitted). *Id.*

Wolf now appears to set forth the puzzling argument that Hall's waiver argument reflects the type of "new" argument or "new" case law that entitles Wolf to a sur-reply. Dkt. 60 at 2 ("the Plaintiff has not had an opportunity to respond to such [waiver] claims"). However, it is precisely because Wolf failed to address Hall's arguments (pursuant to Federal Rules of Civil Procedure 8 and 20) in his response brief that he forfeited his opportunity to address those arguments thereafter. Wolf's position appears to be that a party should be permitted to file a sur-reply whenever the opposing party argues waiver in a reply brief. That is not a position that the case law, such as *Bonte* and *Raab*, supports.[2] If it was, the concept of waiver would have no meaning or practical effect.

**2. Hall's Reply Did Not Contain "Factual Inaccuracies" to Justify a Sur-Reply**

Wolf argues that Hall's reply contained "factual inaccuracies." Dkt. 60 at 1. However, the only such purported inaccuracy Wolf appears to identify is that Hall represented that she was "'retained' in mid-November after the Plaintiff was placed on leave." *See* Dkt. 60 at 3 (Hall "misstates the alleged facts"). But this representation reflects the facts already set forth by Wolf himself in his Amended Complaint and attached exhibits. *See* Am. Compl. ¶ 211 ("during [Hall's]

---

[2] Wolf cites *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021) in support of his position. However, there, the Court vacated a district court's dismissal of a pro se complaint pursuant to Rule 12(b)(6) that was predicated upon the pro se plaintiff's failure to respond to the motion to dismiss. Here, the plaintiff was represented and did, in fact, file a response to Hall's motion to dismiss. Regardless, *Marcure* does not address the standard for permitting sur-replies to be filed.

2

investigation between **mid-November** and December 2022 . . .") (emphasis added); *see also id*., Ex. 15 at 1 (indicating Hall's investigation began **November 14, 2022**) (emphasis added); *see also* Dkt. 51 at 4 (Wolf's representation that he was fired on November 7, 2022). As such, Wolf's argument that Hall's reply contained "factual inaccuracies" on which her arguments were based is without merit.

## CONCLUSION

For the foregoing reasons, Hall respectfully requests that the Court deny Wolf's motion.

Dated this 5th day of July, 2023.

          VON BRIESEN & ROPER, S.C.

         By: *s/ Joseph M. Russell*
           Joseph M. Russell, SBN 1092211
           411 E. Wisconsin Ave., Suite 1000
           Milwaukee, WI 53202
           P: 414-287-1400
           F: 414-276-6281
           E: joseph.russell@vonbriesen.com