TODD WOLF,

    Plaintiff,

v.

                                                Case No. 23-cv-149

CITY OF SHEBOYGAN, et al.,,

    Defendants.

# JOINT RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), the Parties' respective counsel conferred regarding discovery and case management issues over the phone and via email on September 8, 2023, and via email on September 14 and 15, 2023, and through their respective counsel, submit this Joint Rule 26(f) Report. Plaintiff Todd Wolf is represented by Jennifer T. DeMaster of DeMaster Law LLC, Defendant Attorney Jill Pedigo Hall is represented by Joseph M. Russell of von Briesen & Roper, SC. Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderperson Betty Ackley, Alderperson Dean Dekker, Alderperson Barbara Felde, Alderperson Roberta Filicky-Peneski, Alderperson Grazia Perrella, Alderperson Angela Ramey, Alderperson Zachary Rust, Alderperson Amanda Salazar, and Mary Lynne Donohue (hereinafter "Sheboygan Defendants") are represented by Warren E. Buliox, Kerrie M. Murphy and Julie T. Bittner of MWH Law Group LLP. The parties submit this Joint Rule 26(f) Report for purposes of the telephonic scheduling conference on September 21, 2023.

## I.    NATURE OF THE CASE

Plaintiff initiated this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging

violations of his First Amendment rights (prior restraint and overbreadth) and Fourteenth Amendment Due Process Rights (liberty and property) committed against him during and immediately following his employment with the City of Sheboygan. Additionally, Plaintiff alleges conversion and a civil conspiracy for violations of his rights.

Defendants contend that each of Plaintiff's claims lack merit and fail to state a claim as a matter of law and, in May of 2023, respectively filed motions to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), which the Court partially granted. The following claims remain:

A. **Claim 1**: First Amendment prior restraint claim against Mayor Sorenson, City Attorney Adams, Ms. Donohue and the eight named Defendant Alderpersons;

B. **Claim 3**: First Amendment "False Statements" Ordinance claim against the City of Sheboygan;

C. **Claim 5:** Fourteenth Amendment Due Process (Property Interest) claim against Attorney Pedigo Hall, Mayor Sorenson (individual capacity only) and City Attorney Adams (individual capacity only);

D. **Claim 6:** Fourteenth Amendment Due Process Occupational Liberty Interest claim against Mayor Sorenson and City Attorney Adams;

E. **Claim 8:** State Law Civil Conspiracy claim against Mary Lynne Donohue; and

F. **Claim 10:** State Law Conversion claim against City Attorney Adams.

Defendants categorically deny each and every one of Plaintiff's remaining claims, maintain that they have each treated Plaintiff in accord with all applicable laws at all times and anticipate asserting various affirmative defenses against Plaintiff's remaining claims.

II. **PROPOSED DISCOVERY PLAN**

A. Fed. R. Civ. P. 26(f)(3)(A). With the exception of initial disclosures, the parties do

not have changes to the timing, form, or requirement for disclosure under Rule 26(a). The parties have not yet exchanged initial disclosures and the parties agree that initial disclosures shall be served by **October 31, 2023**.

B. Fed. R. Civ. P. 26(f)(3)(B). The parties expect to exchange a full range of written discovery and will take depositions within the limits set forth by the Federal Rules of Civil Procedure. The Defendants anticipate the deposition of Plaintiff will last longer than seven hours given the number of Defendants in the matter and given that some Defendants are represented by separate counsel. The Plaintiff objects to this and believes that the claims do not require extensive discovery. The Defendants anticipate general discovery concerning their respective claims and defenses may take longer than usual due to the voluminous number of factual allegations contained in Plaintiff's Amended Complaint covering a significant time period and variety of topics, Plaintiff's background and history and the number of Defendants and expect at least eight months will be required for completion of fact and expert discovery. The Plaintiff objects to any efforts to use discovery as a dilatory tactic and anticipates that the claims do not require any extensive discovery beyond five months. Defendants deny that their request for an eight-month period of time to conduct discovery is for the purpose of using discovery as a dilatory tactic. The Defendants do not anticipate conducting discovery in phases. The Plaintiff anticipates moving for limited consolidation with a related case, *Pelishek v. City of Sheboygan (23-CV-1048)* specifically for depositions of the same witnesses and questions of fact to avoid time and costs on all parties—which Defendants object to and oppose. In particular, counsel for Defendant Hall objects to consolidation of any aspect of this case with the *Pelishek* case, in which she is not a party..

C. Fed. R. Civ. P. 26(f)(3)(C). The parties may seek and/or need to produce information that is stored electronically. In the event such information is requested and/or

produced, the parties will confer at the appropriate time regarding the existence of such electronically stored information ("ESI"), the form or forms in which ESI should be produced, the cost associated with determining the existence of the ESI sought, and the expense associated with collecting and producing the ESI.

       D.     Fed. R. Civ. P. 26(f)(3)(D). The Plaintiff's position is that the City of Sheboygan waived privilege for Defendant Hall's investigation into Plaintiff based on multiple voluntary public disclosures of her work product, and therefore the Sheboygan Defendants cannot claim privilege for any materials related to Defendant Hall's investigation into Plaintiff at issue in this matter. The Sheboygan Defendants and Defendant Hall deny that they have waived attorney client privilege or any work-product protections in relation to Defendant Hall's investigation. Defendants disagree with Plaintiff's position.

       E.     Fed. R. Civ. P. 26(f)(3)(E). At this time, the parties do not believe that there should be any modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of Eastern District of Wisconsin other than that the Defendants request for relief from the seven hour time limitation provided for by the rules to allow them to depose Plaintiff in excess of seven hours and Defendants request for eight months for the completion of fact and expert discovery. Plaintiff contends the claims do not require eight months or multiple days of unnecessary deposition of the Plaintiff alone.

       F.     Fed. R. Civ. P. 26(f)(3)(F). Plaintiff opposes any protective order for any information, records/communications related to Attorney Hall's investigation and contends the City of Sheboygan waived privilege by publishing and making her investigation, findings, and report public. Defendants disagree and anticipate filing a motion for protective order to preclude Plaintiff from obtaining discovery related to Attorney Hall's investigation regarding any privileged

4

documents and communications Plaintiff may attempt to seek, as well as her attorney work product. The parties agree that a protective order for other legitimate confidential information unrelated to Attorney Hall's investigation/report will be necessary and will work together to submit a joint proposed order to the Court. The parties request that the Court enter a scheduling order pursuant to Fed. R. Civ. P. 16(b) in accordance with the following proposed dates, subject to the parties respective positions as outlined:

| Event | Date |
|---|---|
| Deadline for Defendants to file an Answer in response to the remaining claims in Plaintiff's Amended Complaint | September 19, 2023 |
| Deadline for the parties to serve initial disclosures | October 31, 2023 |
| Deadline for amendment of pleadings and/or filing of counterclaims | November 7, 2023 |
| Deadline for discovery | Defendants: May 15, 2024<br>Plaintiff: February 15, 2024 |
| Deadline to file dispositive motions | Defendants: July 15, 2024<br>Plaintiff: March 15, 2024 |
| Plaintiff's expert witness disclosures (if any)<br>Defendants' expert witness disclosures (if any) | January 15, 2024<br>March 15, 2024 |

### III.  OTHER MATTERS

A. The Defendants propose that, if necessary, the Final Pre-Trial Conference and Trial be scheduled by the Court after the Court's decision on dispositive motions. The Plaintiff proposes that the final pre-trial conference be set for May 1, 2024 and trial to begin on May 10, 2024. Defendants oppose a final pre-trial conference and trial date being scheduled prior to the Court's ruling on dispositive motions.

B. The Defendants anticipate filing further dispositive motions on the remaining claims. Plaintiff contemplates filing a dispositive motion as well.

C. The parties do not anticipate joining other parties at this time.

5

Case 2:23-cv-00149-WED   Filed 09/15/23   Page 5 of 7   Document 64

D. Defendants estimate a trial length of seven days. The Plaintiff estimates that any trial will not take more than five days. All parties request a trial by jury.

E. The Plaintiff has expressed a willingness for early resolution of most or all claims. The Sheboygan Defendants do not believe that they will be able to resolve this dispute at this time. Attorney Hall is not interested in early resolution of the remaining claim against her, unless it means Plaintiff's voluntary dismissal of that remaining claim, to which Attorney Hall would not object. The Plaintiff has expressed willingness to engage in mediation and early resolution of this and all related matters. The Sheboygan Defendants have stated they will contact the Court if they are interested in mediation facilitated by a magistrate judge.

F. The Plaintiff anticipates the parties may require a discovery stipulation or additional order to reduce dilatory efforts, endless motions to compel, and abusive deposition tactics. The Defendants believe this is not necessary.

Dated: September 15, 2023.

**DEMASTER LAW LLC**
Attorney for Plaintiff Todd Wolf

By: /s/ *Jennifer T. DeMaster*
Jennifer T. DeMaster, SBN 1124201
361 Falls Road #610
Grafton, WI 53024
Telephone: (414) 235-7488
Facsimile: (262) 536-0515
*attorney@jenniferdemaster.com*

**MWH LAW GROUP LLP**
Attorneys for Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderperson Betty Ackley, Alderperson Dean Dekker, Alderperson Barbara Felde, Alderperson Roberta Filicky-Peneski, Alderperson Grazia

Perrella, Alderperson Angela Ramey, Alderperson Zachary Rust, Alderperson Amanda Salazar, and President Sheboygan Area School District Mary Lynne Donohue

By: /s/ *Warren E. Buliox*
Warren E. Buliox         SBN 1056215
Julie T. Bittner         SBN 1128144
Kerrie M. Murphy         SBN 1122869
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*warren.buliox@mwhlawgroup.com*
*julie.bittner@mwhlawgroup.com*
*kerrie.murphy@mwhlawgroup.com*


**VON BRIESEN & ROPER, S.C.**
Attorney for Defendant Jill Pedigo Hall

By: *s/ Joseph M. Russell*
Joseph M. Russell         SBN 1092211
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: (414) 287-1400
Facsimile: (414) 276-6281
*joseph.russell@vonbriesen.com*

7