**Attorney Jennifer DeMaster**

| | |
|---|---|
| **From:** | Adams, Charles <Charles.Adams@sheboyganwi.gov> |
| **Sent:** | Friday, January 13, 2023 10:33 AM |
| **To:** | Attorney Jennifer DeMaster |
| **Cc:** | Hoffman, Kathryn; Majerus, Liz; James R. Macy |
| **Subject:** | Record release |
| **Attachments:** | Closed session 10-17-22.pdf; Closed 10-24-22.pdf; Closed 11-7-22.pdf; Closed Session 1.4.23.PDF |

Atty. DeMaster:

I am attaching minutes from four closed sessions of the Common Council.

I am doing so for two reasons: First, you requested the release of the minutes of the October 17, 2022 meeting. I believe that request, which could not have been fulfilled prior to Monday night, is now fulfillable. Second, we have received a public records request for these minutes.

In my opinion, these minutes became releasable after the public vote to terminate Mr. Wolf per section 12(a) of his contract. In reviewing the request and applying the public records law, including application of the balancing test, I believe I am obligated to release the document with no redactions except the one redaction made, which relates to a closed session item on January 4 entirely unrelated to Mr. Wolf's situation. However, because of the potential that these records could have a negative public impact on Mr. Wolf as our former employee and because there is at least a colorable argument that Wis. Stats. § 19.356(2)(a)1 could apply to this circumstance, I have chosen to follow the dictates of that statute and provide notice to you of my intent to release. As you are certainly aware, you may, within five days after receiving this notice, provide written notice to me on behalf of the City of your intent to seek a court order restraining us from providing access, and/or to commence such an action within ten days. Per the statute, I will not release within 12 days of this notice to you unless you specifically inform me that you do not object.

I would ask that you confirm receipt of this email as Mr. Wolf's counsel and confirm that you accept it as notice of my intent in lieu of personal service on Mr. Wolf.

I would note that one requester has alleged that Mr. Wolf has already waived this privilege. However, I do not believe the requester has the standing to make that claim. Additionally, I read the release you provided with regard to the October 17 meeting as applying solely to release to Mr. Wolf or to you as his counsel. I would also note that any requestor will receive a copy of this notice in lieu of a release of the records until such time as you either waive release of the records or until the provisions of Wis. Stats. § 19.356(2)(a)1 are met.

I look forward to hearing from you on this matter.

Chuck


Charles C. Adams
City Attorney
City of Sheboygan
(920) 459-3917
charles.adams@sheboyganwi.gov

Local government is the foundation of democracy, if it fails, democracy will fail--Robert W. Flack

---

NOTICE: This e-mail may contain confidential information and is intended only for the individual named. If you are not the intended recipient, you should not disseminate, distribute or copy this e-mail; please notify the sender immediately and delete this e-mail from your system. Also, please be aware that email correspondence to and from "The City of Sheboygan" may be subject to open record requests.

Closed Session 1-4-23

6:24 p.m.

Finance Director Krueger, Fire Chief Montellano, Director of Public Works Biebel, City Engineer Sazama. IT Director Bushman, Assistant City Attorney Majerus, Director of Planning and Development Pelishek, City Attorney Adams, City Clerk DeBruin, Mayor Sorenson, Ald. Mitchell, Heidemann, Ackley, Salazar, Ramey, Rust, Filicky-Peneski, Felde, Dekker, Perrella.



Began 2nd half:

City Attorney Adams, Assistant City Attorney Majerus, City Clerk DeBruin, Mayor Sorenson, Ald. Mitchell, Heidemann, Ackley, Salazar, Ramey, Rust, Filicky-Peneski, Felde, Dekker, Perrella, Jim and Jill (attorneys)

Jim gave brief overview of what should/should not be discussed – advised council that this was not a decision on what outcome there should be. Also advised that this is a high liability situation and told everyone not to discuss outside of room.

Jill gave brief synopsis of the investigation, stating that there was significant evidence that Todd Wolf violated policies and the law and failed to comply with council directives. Also, stated there was evidence that Todd Wolf had a fictional manifestation of blackmail (not credible). Todd Wolf stated there were "different levels of law". Also, there was significant evidence of communications belittling the mayor and assertions against female council members. Significant evidence for a hearing.

Council 3 options:

1. Hearing? City draft allegations and evidence and witnesses and Todd would do the same (determine cause). Usually in closed session, however Todd can request it be in open session.
2. Terminate with no cause – 6 months pay and benefits
3. Do not pursue and bring Todd back

Discussion occurred, not limited to the impact on employees, the cost to the City, Todd's rights, asking Todd to follow a nondisclosure, City's reputation, reputation of Jamie and Ali (cease and desist from their lawyers).

Council

Mitchell and Heidemann for number 1

Other 8 – for number 2

Decision to hold Special council meeting where all council members could be present. Monday, January 9 immediately following Finance and Personnel.

Attorney's office will draft Resolution and agenda will be posted by Friday.

Adjourn at 9:06 Ackley/Filicky-Peneski. All ayes.

Notes from Closed Session 11-7-22

Start: 6:18pm

**25.MOTION TO CONVENE IN CLOSED SESSION pursuant to Wis. Stat. § 19.85(1)(e) for deliberating or negotiating the investing of public funds or conducting other specified public business whenever competitive or bargaining reasons require a closed session; to wit: discussions regarding possible development incentives for affordable housing projects currently known as the former Koepsell property redevelopment and the S. 14th and Illinois Avenue projects**

Chad Pelishek presented on 2 projects that need Council approval (Melissa C has notes)

**AND under the exemption provided in Wis. Stat. § 19.85(1)(f) for preliminary consideration of specific personnel problems which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of the person involved in such problems or investigations.**

PRESENT: Mayor Ryan Sorenson, Attorney Charles Adams, Attorney Liz Majerus, Alderperson Dean Dekker, Alderperson Joe Heidemann, Alderperson Amanda Salazar, Alderperson Angela Ramey, Alderperson Zach Rust, Alderperson Trey Mitchell, Alderperson Grazia Perrella, Alderperson Betty Ackley, Alderperson Barb Felde, Alderperson Roberta Filicky-Peneski (appeared remotely)

Alderperson Heidemann requests to make a motion, Mayor states that he is not accepting motions at this time. Chuck explains that most motions need to be made in open session. Mayor said he would open it up to motion discussion once he introduced a few things.

Mayor Sorenson: All should have received the letter from Administrator Wolf via email and I believe it was placed on your chair. Mayor is concerned about City employees and morale at City Hall. There is a continued strain of public records requests being placed on various offices and that there is a question of trust in City leadership.

Attorney Adams: If there are any questions, we are here to answer them. There is a performance improvement plan placed in your binders if you wish to consider that. We're not here to direct you in any certain way or decision but to act as a guide for decisions you are considering but know that our liability concerns have changed.

Mayor Sorenson: the issues are starting to spiral and that is based on an administrative issue.

Alderperson Heidemann: wants to make a motion to give Administrator Wolf a verbal warning and place in his personnel file. If he is good for 6 months, we remove it from his personnel file.

Attorney Adams: that's a motion for open session as it's an act of discipline which needs to be made in open session.

Discussion is had about possible courses of action regarding Administrator Wolf. Attorney Adams explained that there are 3 levels to which that the council can/should act tonight.

1) Performance Improvement Plan
2) Vote of No Confidence
3) Actual Action being Suspension/Termination

More discussion is had between council on which course of action to take.

Consensus of council: place on 6-month Administrative leave.

Motion to Reconvene in Open session made by Alderperson Dekker, 2nd by Alderperson Ackley

All Aye, Motion Passed 8:25pm

7. R. C. No. 117-22-23 by Committee of the Whole to whom was referred Res. No. 79-22-23 by Alderpersons Felde and Filicky-Peneski establishing the 2023 Budget appropriations and the 2022 Tax Levy for use during the calendar year; recommends adopting the Resolution.

## CLOSED SESSION

8. MOTION TO CONVENE IN CLOSED SESSION under the exemption provided in sec. 19.85(f), Wis. Stats. for preliminary consideration of specific personnel problems which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of the person involved in such problems or investigations.

## ADJOURN MEETING

9. Motion to Adjourn

*In compliance with Wisconsin's Open Meetings Law, this agenda was posted in the following locations more than 24 hours prior to the time of the meeting:*

*City Hall • Mead Public Library*
*Sheboygan County Administration Building • City's website*

Called to order at 6:08 p.m.

Present:

Mayor Ryan Sorenson, Asst City Attorney Liz, City Clerk Meredith DeBruin and 10 Alders (Felde, Filicky-Peneski, Salazar, Ackley, Ramey, Dekker, Perrella, Rust, Mitchell, Heidemann).

Several job descriptions from the City Administrators position were distributed (one updated in 2020 removed Council and Mayor from some wording – did not have council approval).

Council address 3 things –

1- What is correct job description?
2- Performance review (not related to current situation – just needs to be completed)
3- Performance Improvement plan for City Administrator

Questions to be addressed:

Who is decider of action taken if Todd presses back?

See if comments re: Library was in Todd's file?

Review contract with Alonzo to see if report was to be given/taken.

Reviewed that if disciplinary action is not public – need to have common message.

Review retaliation policy from the City Handbook.

Assistant City Attorney Liz took notes regarding the description of the events and questions to ask Todd for his part of the performance review.

Adjourn at 8:42 p.m.

Closed session 10-17-22 called to order at 7:06 p.m.

Alderpersons present: Felde, Ackley, Salazar, Perrella, Filicky-Peneski, Rust Dekker, Mitchell, Heidemann, Ramey – 10.

Present: Mayor Ryan Sorenson, City Attorney Chuck Adams, and City Clerk Meredith DeBruin

Council President and Vice President in City Hall on Thursday and Friday of previous week talking to employees and Mayor and City Administrator.

Council presented timeline of events. Discussion on why the City has an Administrator. Review of Municipal Code with regards to duties of City Administrator.

Discussed options:

Reprimand – public vs private

Direct to get training and/or mentor

Performance Improvement plan

There was not a sense if there should be a public reprimand (not in agreement).

Sense of council that the following should happen:

1. Mayor should talk to Todd and tell him he is responsible for any reprimands associated with Chad.
2. Mayor should talk to Chad that Todd is his boss and the council will not be acting on anything regarding Chad (they only oversee Todd).
3. Direct City Attorney office to draft Resolution that Todd should not participate in the hiring of the HR Director (all ayes, Mitchell indifferent) – with this to be submitted next Monday.
4. Direct Todd officially not to participate in any more PR

Adjourn at 9:15 p.m. in closed session Rust/Dekker