# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

        Plaintiff

    v.                                    Case No. 23-CV-149

CITY OF SHEBOYGAN, et al.,

        Defendants.

---

## PLAINTIFF TODD WOLF'S REQUESTS FOR ADMISSION, PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO DEFENDANT CITY OF SHEBOYGAN

---

To:    City of Sheboygan
        c/o Warren Buliox
        Julie T. Bittner
        Kerrie M. Murphy
        MWH Law Group LLP
        735 North Water Street, Suite 610
        Milwaukee, WI 53202
        Warren.Buliox@mwhlawgroup.com
        Kerrie.Murphy@mwhlawgroup.com
        Julie.Bittner@mwhlawgroup.com

COMES NOW Plaintiff, Todd Wolf, by his attorney, Jennifer DeMaster, of DeMaster Law LLC, and hereby demands, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, that Defendant City of Sheboygan respond to the following requests for admission, production of documents, and interrogatories in writing and under oath within thirty (30) days after service of the same. Pursuant to Fed. R. Civ. P. 36, the failure to respond to these requests to admit within 30 days may result in the subject matter of the request being deemed admitted. Fed. R. Civ. P. 36(a)(3). Under the Federal Rules, the defendant(s) have a continuing duty to supplement or correct their

responses, documents, or admissions in a timely manner or upon order of the court. Fed. R. Civ. P. 26(e).

## **INSTRUCTIONS**

In answering these admissions, interrogatories, and requests for production of documents, defendant(s) shall furnish all requested information, not subject to a valid objection, that is known by, possessed by, or otherwise available to said defendant(s) or their attorneys, representatives, consultants, or other agents acting on behalf of said defendant(s). If the defendant(s) are unable to answer fully any of these admissions, interrogatories, and/or requests for production of documents, answers must still be given to the fullest extent possible, specifying the reasons for the inability of the defendant(s) to answer the remainder, and stating whatever information, knowledge, or belief the defendant(s) maintains concerning the unanswerable portion.

An evasive or incomplete answer is deemed to be a failure to answer, and may render the defendant(s) or their attorney(s), or both, liable for the cost of a motion pursuant to that Rule. The defendant(s) must object separately to each subpart, and if the defendant(s) object to less than all of the subparts of a numbered interrogatory or request for production of documents, then defendant(s) must answer the remaining subparts. Finally, if the defendant(s) object to an admission, interrogatory or request for production of documents or subpart thereof as calling for information which is beyond the scope of discovery, defendant(s) must, nevertheless, answer the interrogatory or request for production of documents or subpart thereof to the extent that it is not objectionable.

These admissions, interrogatories, and requests for production of documents shall be deemed continuing, and the defendant(s) shall supplement answers to these admissions, interrogatories, and requests for production of documents prior to trial. Additionally, without being requested to do so by plaintiff, the defendant(s) shall seasonably supplement the answers to all interrogatories or requests

2

for production of documents requesting the identification and location of persons having knowledge of discoverable matters, and the identification and location of persons expected to be called as expert witnesses at trial. Without being so requested to do so by the plaintiff, the defendant(s) shall also amend an answer when it is discovered to have been incorrect when made or when it is discovered to be no longer true, and circumstances are such that a failure to supplement is in substance a knowing concealment.

The person(s) answering the interrogatories and requests for production of documents shall identify himself/herself by title, giving a street address and telephone number for each. Further, the person(s) answering these interrogatories and requests for production of documents shall be a person amenable to a deposition subpoena in the Eastern District of Wisconsin. If a document requested to be produced is not in the possession of the person answering, the person answering shall, in addition to describing the nature of the document to be produced, specify the name, street address and telephone number of the natural person or persons having actual possession or custody of the document.

For each and every document, e-mail, spreadsheet, pdf, multi-media, media, etc., which is electronically stored or maintained and otherwise known as e-discovery produced, provide the name of the individual who completed the search, the search terms used for said search, including the date parameter and the wording search terms, the locations searched, e.g. names of e-mail recipients, senders, user, groups, departments, servers, systems, social media platforms, applications, etc,. Also, provide what is otherwise known as an "audit trail" consisting of properties, including the originating user, date and time of origination, users who accessed, edited, viewed, shared, including dates and times, as well as versions for each and every e-discovery item produced. The name, title and contact information of the individual who completed the search and retrieval of such document production,

as well as date(s) the electronic search was completed with the number of documents, spreadsheets, e-mails, etc. retrieved in said search(es), regardless as to if the document is produced or not. All e-mails shall be produced in native format and if unable to produce in native format, all attachments shall be included.

For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## ADDITIONAL INSTRUCTIONS

If you withhold any document requested herein on the basis of a claim of privilege, you are requested to identify all such documents by listing within a privilege log which shall be provided to plaintiff and include:

    a.    The date of each document; its title, if any;
    b.    The name and address of its author;
    c.    The sender and each recipient of said document;
    d.    The name and address of each person who has custody of the document, or any copy thereof; and
    e.    The factual and legal bases for your claim of privilege.

As with the ongoing and continuing or otherwise supplemental nature of the interrogatories and document production request, any such privilege log shall be supplemented, updated and/or amended if a document is found to not be subject to privilege and otherwise produced, without a need for request by plaintiff and provided with any supplemental or continuing responses to interrogatories and document production requests. In answering these requests for admissions, interrogatorriers, and production of documents, the defendant shall comply with the following:

## DEFINITIONS

4

mailed to Jennifer DeMaster, Esq., DeMaster Law, LLC, 361 Falls Rd # 610, Grafton, WI 53024 or may be made available at your location for copying by the Plaintiff.

Defendant(s) shall produce and permit plaintiff's attorneys to inspect and copy any and all documents in the possession, custody or control of either defendant(s), or of any agent, representative, servant, or employee of defendant(s), or available to him/her, whether originals, copies, drafts, typed, e-mailed, printed, handwritten, photographed, photocopied, recorded, or otherwise produced or reproduced, pertaining to the matters alleged in the complaint, specifically including, without limitation other than privilege, the following:

**REQUEST FOR PRODUCTION NO. 1:** Produce all billing statements from von Briesen & Roper relating to Todd Wolf or advising the City regarding Todd Wolf for legal services performed by attorneys Jill Hall and James Macy between 2/1/2022 – 6/29/2023.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documentation responsive to Interrogatory Nos. 1 – 3 above. For non-email communications, this request includes phone records from the phone service provider, all messages from any and all messaging apps, and/or records from the City's Cellebrite software used by the City's Police Department for phone records.

**REQUEST FOR PRODUCTION NO. 3:** Produce all communications between the City Attorney's office and City Clerk Meredith DeBruin (or anyone in the City Clerk's office) relating to Todd Wolf or public records between November 7, 2022, and the present.

19

**REQUEST FOR PRODUCTION NO. 4**: Produce all documents, including any performance improvement plans or other documentation relating to Todd Wolf and/or the full investigation scope. This request includes document metadata, dates of creation, etc.

**DOCUMENT PRODUCTION NO. 5:**    Produce all security camera footage from ALL cameras on the inside and outside of City Hall for the City of Sheboygan for the 48-hour period beginning at midnight October 17,2022 and ending on October 18, 2022. (You may exclude the footage from the one camera that was previously provided if that footage was not altered or deleted).

**DOCUMENT PRODUCTION NO. 6:**    Produce all security camera footage from ALL cameras on the inside and outside of City Hall for the City of Sheboygan for the 24-hour period beginning at midnight on November 7, 2022 and ending at midnight November 8, 2022.

**DOCUMENT PRODUCTION NO. 7:**    Produce all emails and chains of emails between Mary Lynne Donohue and any of the following, or containing any of the following, individuals or City offices between July 1, 2020 – February 28, 2023: Todd Wolf, Ryan Sorenson, Charles Adams, City Attorney's office, Barbara Felde, Roberta Filicky-Peneski, Amanda Salazar, Angela Ramey, Betty Akley, Vicky Schneider, City Clerk's office (or any employee therein during those times).

**DOCUMENT PRODUCTION NO. 8**:    Produce all Sheboygan police department records, including dispatch and phone calls, relating to service of the November 28, 2022, directives to Todd Wolf.

**DOCUMENT PRODUCTION NO. 9:**    Produce all communications (email, phone, etc. via definitions section above) mentioning Jamie Haack or Ale Guevara (or aka Alexandra Meyer), DEIB, Wolf, or administrator (in any form/format) relating to the investigation or Wolf between October 4, 2022 – January 9, 2023.

**DOCUMENT PRODUCTION NO. 10**:    Produce all communications with Jill Hall that the City has of all employees, officials, including all attachments or information provided by the City or any employee, agent, official, etc. to Jill Hall between November 7, 2022 and February 8, 2023.

**DOCUMENT PRODUCTION NO. 11:**    Produce all communications between the City Attorney's office (and any official or employee therein) and the City Clerk's office (including any official or employee therein) between November 7, 2022, and June 29, 2023, relating to public records requests, records requests, council sessions, and the investigation relating in any way to Todd Wolf. (Include all responses, chains, and attachments).

**DOCUMENT PRODUCTION NO. 12**:    Produce for inspection each and every minute, draft, and/or other record from the City Clerk's office for the closed sessions that occurred on October 17, 2022, October 24, 2022, November 7, 2022, and January 4, 2022, or any other date relating to Todd Wolf including all drafts and handwritten notes or minute taken by the City Clerk.

**DOCUMENT PRODUCTION NO. 13:** Produce all closed session minutes (including handwritten notes, drafts, and other notes by attendees) from the closed session held on October 2, 2023, including all notes relating to the Defendants' "legal strategy" in the above-captioned case, strategies regarding discovery and forthcoming Summary judgment motions as stated in the October 2023 Sheboygan Press article, and any other documentation otherwise responsive to Interrogatory No. 15.

**DOCUMENT PRODUCTION NO. 14:** All complaints from any employee, former employee or citizen that the City provided to Jill Hall during her investigation and all documents, name, contact information and relevance pertaining to the investigation, that the City provided to Jill Hall during her investigation.

**DOCUMENT PRODUCTION NO. 15**: Produce all documents responsive to, requesting, authorizing for release, and/or relating to Interrogatory Nos. 1 and 2 (For phone requests, produce all phone records, and for all email requests, produce all emails or other communications or documentation of such communications including the requests themselves and the City's responses).

**DOCUMENT PRODUCTION NO. 16:** Produce all communications and documentation of all public records requests for the Council's closed session minutes or any personnel records relating to Todd Wolf between October 1, 2022, and the present.

**DOCUMENT PRODUCTOIN NO. 17**:  Produce all documents listed in the Initial Disclosures for the Defendants City of Sheboygan, Charles Adams, Ryan Sorenson, Barbara Felde, Roberta Filicky-Peneski, Amanda Salazar, Grazia Perrella, Dean Dekker, Zachary Rust, Betty Ackley, Angela Ramey that were submitted to the Plaintiff on October 31, 2023.

Submitted and Sent: November 13, 2023.

DeMaster Law LLC

/s/ Jennifer DeMaster
Jennifer DeMaster
Wis. Bar No. 1124201
attorney@jenniferdemaster.com

DeMaster Law LLC
361 Falls Rd # 610
Grafton, WI 53024
Phone: (414) 235-7488
Fax: (262) 536-0515

*Attorney for Plaintiff*

23