# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

    Plaintiff,

v.

CITY OF SHEBOYGAN, MAYOR RYAN SORENSON in his individual and official capacities, CITY ATTORNEY CHARLES ADAMS in his individual and official capacities, ALDERPERSONS ON SHEBOYGAN'S COMMON COUNCIL, BARBARA FELDE, ROBERTA FILICKY-PENESKI, AMANDA SALAZAR, ANGELA RAMEY, BETTY ACKLEY, ZACHARY RUST, DEAN DEKKER, GRAZIA PERRELLA, all in their individual and official capacities; SHEBOYGAN AREA SCHOOL DISTRICT BOARD MEMBER MARY LYNNE DONOHUE, in her individual and official capacities; MAYA HILTY, and JILL PEDIGO HALL,

    Defendants.

Case No. 23-cv-149

## DEFENDANT CHARLES ADAMS'S RESPONSES AND OBJECTIONS TO PLAINTIFF TODD WOLF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Jennifer DeMaster
        DeMaster Law LLC
        361 Falls Road, #610
        Grafton, WI 53024
        attorney@jenniferdemaster.com

**NOW COMES** Defendant Charles Adams ("Defendant"), and provides the following responses to Plaintiff, Todd Wolf's Interrogatories and Requests for Production of Documents.

1

## PRELIMINARY STATEMENT

The following answers, responses and objections have been prepared prior to the completion of Defendant's investigation, discovery, and preparation for trial in this action. They are based only on information, facts, and documents currently available and known to Defendant. Defendant has not yet completed his discovery or investigation in this matter. Accordingly, Defendant's answers to this Discovery is limited by the information which he has thus far located following a reasonable search and diligent inquiry. Defendant reserves the right to make changes to the answers and objections if it appears that omissions or errors have been made in them, or that further and more accurate information is available, but Defendant is under no obligation to do so. Defendant also reserves the right to rely upon and/or introduce into evidence at trial any additional information.

Defendant's answers, responses and objections are for the purpose of discovery only and are not an admission or acceptance that any response or fact is relevant and/or admissible into evidence. Defendant reserves the right to object to the admissibility of any answers or fact at the time of trial or prior.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents, including the Instructions and Definitions contained therein to the extent that they attempt to impose demands greater than those required by Federal Rule of Civil Procedure 36 or Civil Local Rule 36.

2. Defendant objects to the Definitions included in Plaintiff's Interrogatories and Requests for Production of Documents a to the extent Plaintiff's definition of "describe" and "identify" as, overbroad because it includes information which is not relevant to the claims and

defenses in the above-captioned cause of action and is not proportional to the needs of the case in.

3. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents to the extent they seek documents or information that are protected or privileged from discovery by attorney client privilege, the attorney work product doctrine or any other applicable law, rule, privilege or immunity and will only produce non-privileged information. Nothing contained in these answers is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine or any other applicable law, rule, privilege or immunity. Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege.

4. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents to the extent they seek information known or retained by third parties or persons who are no longer employed by Defendant, the Discovery Requests may seek information about which the Defendant has no knowledge and/or no ability to collect. Defendant does not have a duty to investigate regarding the knowledge possessed by third parties. In addition, Defendant lacks foundation to respond to the Discovery Requests which seek material concerning individuals about whom Defendant is not aware.

5. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents, to the extent they request information or records of a private and confidential nature. Defendant objects to producing any such private or confidential information or records, to the extent they are otherwise properly discoverable, without prior entry of a protective order suitably restricting the Parties' ability to use and disclose such information or records.

6. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents to the extent they request, for the purpose of attempting to narrow or limit the scope of Defendant's defenses, information or identification or production of documents that presently are not within Defendant's knowledge, possession or control and are the subject of ongoing discovery. Defendant has conducted a reasonable and diligent search for responsive documents and information. Nevertheless, Defendant reserves the right to produce additional documents and information that may in the future come to his attention or become available and to use such documents or information in any hearing or proceeding, including the trial of this action. Defendant further reserves the right to supplement or amend these objections and responses upon, among other things: further investigation, discovery of additional facts, discovery of additional documents, developments in this action or other proceedings or the rebuttal of any of Plaintiff's evidence in this action.

7. To the extent Defendant provides, identifies or produces any documents or information in response to Plaintiff's Interrogatories and Requests for Production of Documents, Defendant reserves all objections to the admissibility of any such documents or information at trial or in any other proceedings. Nothing in this document should be construed as an admission of the relevance or admissibility of any documents or information sought in Plaintiff's Interrogatories or of any documents or information identified and/or provided in response to any request.

8. To the extent Plaintiff's Interrogatories and Requests for Production of Documents attempt to request all knowledge or information in possession of Defendant's agents, employees, representatives, and Defendant's attorneys, Defendant objects to this request as vague, overbroad, unduly burdensome and as requesting information which is not relevant to the

4

claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case in that it includes hundreds of individuals in the definition. Defendant further objects to the extent the definition includes attorneys and requires information and documents protected from disclosure by the attorney-client privilege or the work product doctrine.

9. Defendant objects to Plaintiff's Interrogatories and Requests for Production of Documents, to the extent they seek trade secrets, proprietary, confidential or otherwise competitively sensitive information or personal and private information relating to Defendant.

10. Defendant requests that prior to filing any motion concerning Defendant's answers and objections, Plaintiff's attorneys contact his defense counsel of record to provide Defendant with an opportunity to discuss his position and attempt a resolution of any dispute without the necessity of intervention from the Court.

Subject to these objections, which are incorporated into each and every response below, and without waiver thereof, Defendant responds to Plaintiff's Interrogatories and Requests for Production of Documents as set forth below.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify with particularity all emails and phone numbers you have used for any reason between August 1, 2022, and March 1, 2023. Include with your response:

- a. Your service provider's full name.
- b. Your account number (if any).
- c. Your exact phone number(s) or email address(es) you use.
- d. Whether the phone is a landline, cellular, city-owned, personal, or subsidized account/number.

5

**ANSWER:** Defendant Adams objects to this Interrogatory because it is overly broad in time and scope. As written, it seeks information regarding all email accounts and phone numbers used by Defendant Adams for any reason from August 1, 2022 – March 1, 2023 and is not limited to phone or email usage regarding Plaintiff's claims asserted against Defendant Adams. Defendant Adams further objects to this Interrogatory to the extent that it seeks personal cell / home phone numbers or personal email addresses because it is designed solely to harass him. Defendant Adams has a legitimate privacy interest in not revealing information relating to his personal phone and email accounts. Defendant Adams further objects to this Interrogatory because it seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. There is no legitimate reason that Plaintiff requires the service provider and account number information for Defendant Adams's personal or work phone numbers or email addresses. The information requested is not relevant to his First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.

Subject to and without waiving his objections, Defendant Adams states that his City landline phone number is (920) 459-3917 and his work email address is Charles.Adams@sheboyganwi.gov.

**INTERROGATORY NO. 2:** Identify with particularity each and every person that you communicated with on November 7, 2022, ("November 7 directives") relating to Todd Wolf, his administrative leave, leave directives, and/or investigation, including exactly how you were directed or ordered or provided with the language for the directives served on Todd Wolf. Include with your response:

a. The full name of the person you communicated with and how you communicated (phone, zoom, text, email, in person, etc.).

b. The approximate time you communicated with them.

c. Which number, account, email, etc. you communicated with them on (if it was not an in person communication).

d. The estimated time and duration of your communication, where applicable.

e. A brief description of the communication with particularity.

**ANSWER: Defendant Adams objects to this Interrogatory to the extent that it violates the attorney/client privilege and to the extent that it requires disclosure of the thoughts, impressions, and opinions of Defendant Adams, and thereby violates the attorney work product doctrine. Defendant Adams will not provide information regarding statements made during any Common Council closed sessions about Plaintiff or the matters referenced in this Interrogatory. Defendant Adams further objects to this Interrogatory to the extent it seeks information prepared in anticipation of litigation. Plaintiff has not made the required showing pursuant to Federal Rule of Civil Procedure 26(b)(3) that he has a substantial need of the materials in the preparation of this case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.**

**Subject to and without waiving his objections, Defendant Adams states as follows:**

a. At the end of the November 7 closed session meeting, the Alderpersons instructed Defendant Adams to prepare a letter to Plaintiff setting forth the Common Council's expectations of Plaintiff while he was on paid administrative leave. Defendant Adams asked his paralegal, Marie Foss, to draft the November 7 letter to Plaintiff. Defendant Adams, Mayor Sorenson and ACA Majerus reviewed the draft and made final revisions.

b. See answer to (a) above.

7

c. Not applicable. The communication was in person.

d. See answer to (a) above.

e. Common Councils direction regarding the content of the letter was general. They asked that the letter advise Plaintiff to cooperate with the investigation, advise him that he was not authorized to speak on behalf of the City, notify him that he was required to stay off City premises to protect employees and to give him a chance to get his things.

**INTERROGATORY NO. 3:** Describe with particularity the scope and nature of each and every one of your communications with Jill Hall about Todd Wolf, his performance, the investigation, and/or Wolf's termination, and/or the report between November 7, 2022, and February 8, 2023.

**ANSWER: Defendant Adams objects to this Interrogatory to the extent that it violates the attorney/client privilege and to the extent that it requires disclosure of the thoughts, impressions, and opinions of Defendant's counsel, and thereby violates the attorney work product doctrine. Defendant Adams will not provide information regarding his privileged communications with Attorney Hall or the matters referenced in this Interrogatory. Defendant Adams further objects to this Interrogatory to the extent it seeks information prepared in anticipation of litigation. Plaintiff has not made the required showing pursuant to Federal Rule of Civil Procedure 26(b)(3) that he has a substantial need of the materials in the preparation of this case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.**

**Defendant Adams further objects to this Interrogatory because it is overly broad and seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. As written, it seeks information regarding any communications that Defendant Adams had with Attorney Hall**

8

**regarding Plaintiff's performance, investigation, termination or her report between November 7, 2022, and February 8, 2023. Plaintiff has been provided a copy of Attorney Hall's report. The information requested is not relevant to his First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.**

**INTERROGATORY NO. 4:** Describe with particularity the scope and nature of your communications with James Macy about Todd Wolf, his performance, Wolf's termination, Wolf's contract, and/or any facet of the investigation between July 1, 2022, and February 8, 2023 (as argued in your brief in support of your motion to dismiss and Answer to the Amended Complaint). With your response, include the following information:

a. The date of the communication.

b. The method of the communication (phone call, text, email, message, in person, etc.).

c. A specific and particular description of the communication.

**ANSWER: Defendant Adams objects to this Interrogatory to the extent that it violates the attorney/client privilege and to the extent that it requires disclosure of the thoughts, impressions, and opinions of Defendant's counsel, and thereby violates the attorney work product doctrine. Defendant Adams further objects to this Interrogatory to the extent it seeks information prepared in anticipation of litigation. Plaintiff has not made the required showing pursuant to Federal Rule of Civil Procedure 26(b)(3) that he has a substantial need of the materials in the preparation of this case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.**

9

**Defendant Adams further objects to this Interrogatory because it is overly broad and seeks information that is not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. As written, it seeks information regarding any communications that Defendant Adams had with Attorney Macy regarding Plaintiff's performance, termination, contract, and/or any facet of the investigation between July 1, 2022, and February 8, 2023.**

**Defendant Adams will not provide information regarding his privileged communications with Attorney Macy unrelated to whether Plaintiff's employment agreement allowed him to be terminated without cause. The remainder of the information requested is not relevant to his First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.**

**Subject to and without waiving his objections, Defendant Adams states that in early January 2023 he spoke with Attorney Macy in person and asked whether the Common Council was required to provide Plaintiff with a due process hearing or if they could terminate Plaintiff without cause and without a due process hearing. Attorney Macy advised Defendant Adams that Plaintiff's Employment Agreement allowed for termination without cause and without a due process hearing as long as Plaintiff was paid six months' severance.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENTATION REQUEST NO. 1:** Produce all phone records from the Cellebrite software used by the City's police department or from your phone service provider for all numbers you use and listed in Interrogatory No. 1 for the dates 8/22/2022 – 2/28/2023. This

10

includes all messages (text and messaging or social media apps), call logs or call records, emails, and any other forms of communication.

**RESPONSE: Defendant Adams objects to this Request because it is overly broad in time and scope. As written, it seeks copies of all phone records for all phone numbers used by Defendant Adams for any reason between August 1, 2022, and March 1, 2023 and is not limited to phone usage that relates to Plaintiff's claims asserted against Defendant Adams. Defendant Adams further objects to this Request to the extent that it seeks copies of phone records for personal cell / home phone numbers because it is designed solely to harass him. Defendant Adams has a legitimate privacy interest in not revealing personal cell / home phone information.**

**Defendant Adams further objects to this Request because it seeks documents that are not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. There is no legitimate reason that Plaintiff requires copies of phone records for all phone numbers used by Defendant Adams from August 1, 2022 – March 1, 2023. The documents requested are not relevant to his First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.**

**Subject to and without waiving his objections, Defendant Adams provides a limited response to this Request advising that the City only maintains call log information for its phone numbers for a rolling five month period of time. As such, Defendant Adams cannot produce a call log for his City landline phone number, (920) 459-3917 for the time period requested.**

**DOCUMENTATION REQUEST NO. 2:** Produce all documents, documentation, communications and all billing statements responsive to Interrogatory Nos. 2 – 4.

**RESPONSE: Defendant Adams objects to this Request to the extent that it violates the attorney/client privilege and to the extent that it requires disclosure of the thoughts, impressions, and opinions of Defendant's counsel, and thereby violates the attorney work product doctrine. Defendant Adams further objects to this Request to the extent it seeks documents prepared in anticipation of litigation. Plaintiff has not made the required showing pursuant to Federal Rule of Civil Procedure 26(b)(3) that he has a substantial need of the materials in the preparation of this case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.**

**Defendant Adams further objects to this Request because it is overly broad and seeks documents that are not relevant to the claims and defenses in the above-captioned cause of action and is not proportional to the needs of the case. As written, it seeks copies of documents regarding any communications that Defendant Adams had with Attorney Hall regarding Plaintiff's performance, investigation, termination or her report between November 7, 2022, and February 8, 2023 and any communications that Defendant Adams had with Attorney Macy regarding Plaintiff's performance, termination, contract, and/or any facet of the investigation between July 1, 2022, and February 8, 2023. Plaintiff has already been provided a copy of the Hall investigation report. The documents requested in Interrogatory No. 3 / Request for Production No. 2 are not relevant to Plaintiff's First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.**

Defendant Adams will not provide documents relating to his privileged communications with Attorney Macy unrelated to whether Plaintiff's employment agreement allowed him to be terminated without cause. Such documents are not relevant to his First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams.

Subject to and without waiving his objections, Defendant Adams does not have any documents that relate to Defendant Adams's answer to Interrogatory No. 2, other than the November 7, 2022 letter to Plaintiff, which is Exhibit AA to Plaintiff's February 6, 2023 Complaint and the November 7, 2022 departmental correspondence between Defendant Adams and the Sheboygan police department, Bates stamped CA000001 – CA000002. Defendant Adams does not have any documents that relate to the in person discussion described in Defendant Adams's answer to Interrogatory No. 4.

**DOCUMENTATION REQUEST NO. 3:** Produce for inspection a copy of all documentation, reports, complaints, or any other documents that you provided to Jill Hall or James Macy during the leave and investigation period.

**RESPONSE:** Defendant Adams objects to this Request to the extent that it violates the attorney/client privilege and to the extent that it requires disclosure of the thoughts, impressions, and opinions of Defendant's counsel, and thereby violates the attorney work product doctrine. Defendant Adams will not provide documents regarding his discussions with the City of Sheboygan's counsel. Defendant Adams further objects to this Request to the extent it seeks documents prepared in anticipation of litigation. Plaintiff has not made the required showing pursuant to Federal Rule of Civil Procedure 26(b)(3) that he has a

13

substantial need of the materials in the preparation of this case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Defendant Adams further objects to this Request to the extent that it is overly broad and seeks documents that are not relevant to the claims and defenses in the above-captioned cause of action and are not proportional to the needs of the case. As written, this Request seeks production of any documents that Defendant Adams provided to Attorney Hall or Attorney Macy during the leave and investigation period whether or not they relate to Plaintiff or not. The documents requested are not relevant to Plaintiff's First Amendment prior restraint claim, violation of his due process property and liberty interests claims or his conversion of his personal property claim against Defendant Adams. response.

Dated this 12th day of January 2024.

**MWH LAW GROUP LLP**
Attorneys for Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderperson Betty Ackley, Alderperson Dean Dekker, Alderperson Barbara Felde, Alderperson Roberta Filicky-Peneski, Alderperson Grazia Perrella, Alderperson Angela Ramey, Alderperson Zachary Rust, Alderperson Amanda Salazar, and President Sheboygan Area School District Mary Lynne Donohue

By: /s/ *Electronically signed by Warren E. Buliox*
Warren E. Buliox　　　　SBN 1056215
Julie T. Bittner　　　　　SBN 1128144
Kerrie M. Murphy　　　　SBN 1122869
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*warren.buliox@mwhlawgroup.com*
*julie.bittner@mwhlawgroup.com*
*kerrie.murphy@mwhlawgroup.com*

# VERIFICATION

I, Charles Adams, do hereby verify, certify and state that the factual information contained in the foregoing Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge and belief.

_____
Charles Adams, City Attorney