IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

        Plaintiff,

v.

Case No. 23-cv-149

CITY OF SHEBOYGAN, MAYOR RYAN SORENSON in his individual and official capacities, CITY ATTORNEY CHARLES ADAMS in his individual and official capacities, ALDERPERSONS ON SHEBOYGAN'S COMMON COUNCIL, BARBARA FELDE, ROBERTA FILICKY-PENESKI, AMANDA SALAZAR, ANGELA RAMEY, BETTY ACKLEY, ZACHARY RUST, DEAN DEKKER, GRAZIA PERRELLA, all in their individual and official capacities; SHEBOYGAN AREA SCHOOL DISTRICT BOARD MEMBER MARY LYNNE DONOHUE, in her individual and official capacities; and JILL PEDIGO HALL,

        Defendants.

**DEFENDANT CITY OF SHEBOYGAN, MAYOR SORENSON, CITY ATTORNEY ADAMS, ALDERPERSONS ACKLEY, DEKKER, FELDE, FILICKY-PENESKI, PERRELLA, RAMEY, RUST, SALAZAR AND MARY LYNNE DONOHUE'S BRIEF IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL AND FOR AN EXPEDITED TELEPHONIC CONFERENCE ON DISCOVERY ISSUES UNDER FED. RS. CIV. P. 26 & 37**

# TABLE OF CONTENTS

I. Introduction ................................................................................................................1

II. Argument ..................................................................................................................3

    A. The City Defendants' offer to compromise and agreement to a limited waiver of attorney client privilege is reasonable ......................................................................3

        1. Jill Hall investigation ................................................................................4
        2. Common Council Closed Sessions on October 17, 2022, October 24, 2022, November 7, 2022 and January 4, 2023 ........................................5
        3. Communications with Attorney James Macy ..........................................5
        4. Communications with City Attorney ........................................................6

    B. The City Defendants' conduct does not equate to a full subject matter waiver of attorney client privilege, nor does it waive the privileges related to attorney work product and documents prepared in anticipation of litigation ................................8

        1. Attorney-Client Privilege ..........................................................................8
            a. James Macy Communications .....................................................10
        2. Attorney Work Product ...........................................................................11
            a. Hall Investigation ........................................................................12

    C. Plaintiff's Motion to Compel Defendant City of Sheboygan to withdraw its relevance objection is premature and should be denied on that basis ....................13

    D. Plaintiff's Motion for Sanctions should be denied ................................................15

III. Conclusion ..............................................................................................................16

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**
*Hickman v. Taylor*, 329 U.S. 495 (1947)...............................................................................11, 12
*Trammell v. United States,* 445 U.S. 40 (1980) ..............................................................................9
*United States v. Nobles*, 422 U.S. 225 (1975) .............................................................................11
*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ..............................................................8, 9, 12

**Seventh Circuit Cases**
*Sandra T.E. v. Berwyn Sch. Dist. 100,* 600 F.3d 612 (7th Cir. 2009)..............................8, 9, 11, 12
*United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997) ........................................................9

**Eighth Circuit Cases**
*Baker v. General Motor Corp.,* 209 F.3d 1051 (8th Cir. 2000).....................................................12

**Eastern District of Wisconsin**
*Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, 2007 U.S. Dist. LEXIS 5974 (E.D. Wis. Jan. 26, 2007)..................................................................................................................................10

**Western District of Wisconsin**
*Gaura v. Anderson, O'Brien, Bertz, Skrenes & Golla, LLP*, 2020 U.S. Dist. LEXIS 221186 (W.D. Wis. Nov. 25, 2020)..........................................................................................................................9

**Other Court Cases**
*Silverman v. Motorola, Inc*., 2010 U.S. Dist. LEXIS 67230 (N.D. Ill. July 7, 2010).....................10

Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderpersons Betty Ackley, Dean Dekker, Barbara Felde, Roberta Filicky-Peneski, Grazia Perrella, Angela Ramey, Zachary Rust, Amanda Salazar, and Mary Lynne Donohue ("City Defendants"), by and through its undersigned counsel, hereby submit their Opposition to Plaintiff's First Motion to Compel and for an Expedited Telephonic Conference on Discovery Issues Under Fed. RS. Civ. P. 26 & 37 (the "Motion") (Docket Nos. 76 – 78 and 80).

## I. INTRODUCTION

Through his Motion to Compel, Plaintiff seeks an Order compelling the City Defendants to permit and produce discovery relating to communications, materials, and information of attorneys Jill Hall, James Macy, and Charles Adams, removal of Defendants' relevance objections to and supplementation of their discovery responses. For reasons set forth in this Opposition Brief and Declaration of Attorney Kerrie Murphy, Plaintiff's Motion to Compel was completely unnecessary. Moreover, the communications between the parties as well as the discovery requests and responses will demonstrate in no uncertain terms that the City Defendants have not attempted to obstruct or delay discovery as alleged in Plaintiff's Motion to Compel.

In fact, it is Plaintiff and his counsel's conduct that has caused the City Defendants to expend significant and unnecessary time and expense responding to numerous sets of discovery only to be sent revised sets of discovery and have to do it all over again. (*See* Murphy Decl. ¶ 23, Exhibit Q, Murphy Decl. ¶ 24) Moreover, Defendants' counsel began efforts to negotiate a joint Motion for Protective Order and joint ESI order on December 8, 2023, to allow for the exchange of confidential documents, only to have Plaintiff unilaterally withdraw his agreement to file both documents on February 12, notifying Defendants that he would file his own Motion for Protective Order and seek the Court's assistance on an ESI Discovery Order. (*See* Murphy Decl. ¶ 34, Exhibit

1

T) On February 15, Plaintiff's counsel again changed course, advising in his expert disclosures that he would not resist the Motion for Protective Order filed by Defendants, just seek a definition of "Confidential" in the Protective Order. (*See* Murphy Decl. ¶ 35, Exhibit U) Of course, in the interim, Plaintiff served reports from two experts that have been completely redacted, pending the entry of a Protective Order. (*See* Murphy Decl. ¶ 35, Exhibit U) Plaintiff has also withheld employment, financial, medical and mental health records from his discovery production served on January 12 and supplemented on January 20 pending the entry of a Protective Order. (*See* Murphy Decl. ¶¶ 10, 16, Exhibit O)

Now on February 15, 2024, Plaintiff's counsel advised that he would not resist Defendants Motion for Protective Order, which is the same document initially proposed by Defendants' counsel on December 8, 2023, as part of their request for a Stipulated Protective Order. (*See* Murphy Decl. ¶¶ 34-35, Exhibit T-U) These antics of constantly changing positions on various issues is par for the course with respect to Plaintiff's counsel's behavior in this case.

Finally, Plaintiff's Motion to Compel seeks an order holding that Defendant City of Sheboygan has, through its disclosures, publications and arguments, engaged in a broad subject matter waiver of attorney client privilege and attorney work product privilege in relation to several categories of privileged documents and to further order the City Defendants to respond to written discovery involving these categories of privileged documents. Defendants have attempted to work through the parties' disputes related to privilege through a meet and confer call on January 22, 2024 as well as follow up written communications from Plaintiff's counsel on January 25 and the City Defendants' counsel on February 9, 2024. (*See* Murphy Decl. ¶¶ 14, 21-22, 30, Ex. M, P, S) It is clear after reviewing the City Defendants' counsel's February 9, 2024, email correspondence to Plaintiff's counsel that the City Defendants had offered a compromise in relation to nearly all

of the privileged categories set forth in Plaintiff's Motion to Compel. However, rather than responding to the February 9, 2024, correspondence, Plaintiff prepared a Motion to Compel without first meeting and conferring with Defendants on their position set forth in the February 9 correspondence.

Unfortunately, Plaintiff elected not only to file the Motion to Compel, but to include inflammatory statements attacking the City Defendants and their counsel and seeking sanctions. City Defendants have no choice but to divert their resources once again from trying to respond to Plaintiff's voluminous discovery in order to timely address this Motion.

## II. ARGUMENT

### A. The City Defendants' offer to compromise and agreement to a limited waiver of attorney client privilege is reasonable.

On February 14, 2024, Plaintiff filed this Motion seeking an order compelling the City Defendants to permit discovery in relation to (1) Attorney Jill Hall's investigation, including all communications, documents provided, work product and draft reports; (2) communications with Attorney James Macy between November 2022 and February 2023 that relate to the subject of the January 4, 2023 closed session meeting; and (3) communications with City Attorney Adams relating to Plaintiff's leave, directive, investigation and termination. (*See* ECF. 77 Pp. 7-9, 12-14, 16-20)

On February 9, 2024, five days before Plaintiff filed his Motion, Defendants' counsel emailed Plaintiff's counsel advising her that the parties needed to try to resolve the issues related to privilege waiver and offered to compromise, including areas involving Attorney Hall's investigation, communications with Attorney Macy, communications with City Attorney Adams and communications during the Common Council closed sessions on October 17, 2022, October 24, 2022, November 7, 2022 and January 4, 2023. (*See* Murphy Decl. ¶ 30, Exhibit S) The City

3

Defendants attempted to resolve this dispute in writing to protect themselves from any further assertion by Plaintiff that voluntary production of the requested documents constituted a full waiver of all attorney client privilege. A review of Plaintiff's Motion to Compel reveals that the City Defendants February 9 offer of compromise agreed to a limited waiver of privilege that includes a majority of the subjects that Plaintiff is seeking a ruling on. *Id.*

1. **Jill Hall investigation**

The City Defendants proposed limited waiver compromise encompasses all communications to and from Attorney Hall and all documents provide to Attorney Hall in relation to the investigation she was hired to complete on November 14, 2022. (*See* Murphy Decl. ¶ 30, Ex. S; *cf.* ECF. 77, P. 7) This covers all but one of the subject matter areas that Plaintiff seeks an order of privilege waiver on in his Motion to Compel. *Id.*

Therefore, the only topic in dispute involves Attorney Hall's remaining work product, including her investigation notes, witness interview notes, memoranda and other documents reflecting her work product. *Id.* Defendant City of Sheboygan does not agree to waive privilege in relation to Attorney Hall's work product. (*See* Section II.B.2(a) below) Moreover, Defendant City of Sheboygan denies Plaintiff's contention that Defendants Adams and Sorenson relied on Attorney Hall's investigation or work product as a defense to the Due Process Liberty Interest claim Plaintiff has asserted against them. (*See* ECF. 77, Pp. 8-9) Plaintiff relies on the City Defendants' Affirmative Defenses asserted in their Answer to Plaintiff's Amended Complaint in support of Plaintiff's argument that he is entitled to a full subject matter waiver regarding Attorney Hall's investigation, rather than the limited waiver offered by the City Defendants. *Id.* However, a review of that Brief confirms that neither Defendant Adams nor Defendant Sorenson, or any other City Defendant refer to Attorney Hall's investigation or report in support of an affirmative

4

defense. (*See* ECF. 65, Pp. 152-157) Moreover, Plaintiff's reliance on Defendants' Brief in support of their Motion to Dismiss fairs no better. (*See* ECF. 77, P. 9 *cf.* ECF. 47, P. 40) Neither Defendant Adams nor Defendant Sorenson relied on the Hall investigation to support their respective arguments that they were entitled to dismissal of Plaintiff's due process liberty interest claim asserted against them. (*See* ECF. 47, Pp. 38-41)

### 2. Common Council Closed Sessions on October 17, 2022, October 24, 2022, November 7, 2022 and January 4, 2023.

The City Defendants advised Plaintiff that they were willing to agree to a limited waiver of privilege in relation to these four closed sessions which included all communications made during the closed session meetings by City Attorney Adams, Mayor Sorenson, the Alderpersons, James Macy, or Jill Hall and all notes taken by City Attorney Adams's designee on October 24, 2023, notes taken by the City Clerk's designee on November 7, 2022, and notes taken by Alderpersons during the October 17, 2022, October 24, 2022, November 7, 2022 and January 4, 2023 closed sessions. The City Defendants advised that all information provided, whether obtained via written discovery or depositions, would be considered "Confidential" pursuant to the Protective Order."

The City Defendants' proposed compromise covers all communications by Attorney Hall, Attorney Macy and City Attorney Adams sought by Plaintiff in his Motion to Compel in relation to the January 4, 2023, closed session. (*See* Murphy Decl. ¶ 30, Ex. S; *cf.* ECF.77, Pp. 7-20) While it is difficult to fully decipher Plaintiff's Motion to Compel, this appears to fully resolve any dispute regarding the privilege waiver in relation to these four closed sessions.

### 3. Communications with Attorney James Macy.

Plaintiff seeks an order finding that Defendant City of Sheboygan has waived attorney-client and work product privilege in relation to Attorney Macy's communications regarding any

5

subject matter discussed during the January 4 meeting. (ECF. 77, Pp. 12-14) The City Defendants' proposed compromise agreed to a limited waiver of privilege regarding communications with Jim Macy related ONLY to his communications during the January 4, 2023, closed session and/or his advice that Plaintiff could be terminated without cause or a due process hearing pursuant to his Employment Agreement.

The City Defendants resist any effort by Plaintiff to seek a broader waiver of privilege that would encompass communications with Attorney Macy, outside of the January 4, 2023, closed session meeting related to anything other than his advice that Plaintiff could be terminated without cause or a due process hearing pursuant to his Employment Agreement. The City Defendants do not agree that the affirmative defense of advice of counsel asserted in paragraph 28 of their Affirmative Defenses constituted a broad waiver of attorney-client privilege that would allow Plaintiff to conduct discovery regarding any advice that Attorney Macy may have given during the negotiation of Plaintiff's employment contract, in relation to the leave directives or involving Plaintiff's potential litigation in relation to his administrative leave or termination. (ECF. 77, P. 14) The City Defendants asserted a very limited advice of counsel defense, which does not extend to these, or any other areas requested by Plaintiff. (ECF. 65, P. 157) (*See* II.B.1.a.)

**4. Communications with City Attorney.**

Plaintiff seeks an order finding that (1) City Attorney Adams' communications during the October 17, October 24, and November 7, 2022 closed session meetings involved personnel issues, not legal advice based on a description in the agenda that the closed session was to discuss personnel issues. (ECF. 77, P. 17) Plaintiff appears to suggest that because the agenda item referenced Wis. Stat. 19.85(f) instead of Wis. Stat. 19.85(g), that City Attorney Adams was not providing legal advice to the Common Council during those closed sessions. This is illogical.

6

Clearly an attorney can provide legal advice to their client on matters included in Wis. Stat. 19.85(f), which includes "financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems or the investigation of charges against specific persons." *See* Wis. Stat. §19.85(f). Plaintiff next argues that even if Defendant Adams' communications were privileged, that privilege was waived when the Defendant City of Sheboygan released the closed session minutes in response to an open records request.

While Defendant City of Sheboygan disputes Plaintiff's position that it has engaged in a broad subject matter waiver, as part of their offer of compromise, the City Defendants agreed to a limited waiver of privilege regarding communications between the City Attorney and Common Council (Alderpersons/Mayor) related to the August 22, 2022 racial slur incident; November 7 and November 28, 2022 letters issued to Plaintiff; Plaintiff's discipline (proposed PIP/prior discipline); Plaintiff's administrative leave; the Hall investigation and Plaintiff's termination. (*See* Murphy Decl. ¶ 30, Ex. S) While it is difficult to fully decipher Plaintiff's Motion to Compel, this appears to fully resolve any dispute regarding the privilege waiver in relation to City Attorney Adams' communications.

Defendant City of Sheboygan denies Plaintiff's assertion that it used boilerplate objections in relation to the privilege objections asserted involving Defendant Adams's communications. During the meet and confer call on January 22, 2024, Plaintiff's counsel did not indicate that she found Defendant's privilege log to be deficient. Moreover, the privilege log served with the City Defendants' responses to Plaintiff's First Set of Written Discovery complied with Federal Rule of Evidence 26(b)(5)(A) which requires a party to expressly assert privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a

7

manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. *See* F.R.C.P. 26(b)(5)(A). Furthermore, Plaintiff is certainly throwing rocks at a glass house here when he withheld several documents based on privilege yet failed to provide any privilege log at all or otherwise describe what was being withheld.

Finally, Plaintiff's assertion that he has somehow been prevented from taking depositions of City employees and officials because of an alleged gag order is patently false and an improper attempt to mislead this Court. In fact, Plaintiff requested the depositions of several city employees and officials and with the cooperation of the City Defendants and counsel, identified dates for the requested depositions. However, Plaintiff later elected to postpone all of the requested depositions, except for one City official and Attorney Macy. (*See* Murphy Decl. ¶ 36)

**B. The City Defendants' conduct does not equate to a full subject matter waiver of attorney client privilege, nor does it waive the privileges related to attorney work product and documents prepared in anticipation of litigation.**

**1. Attorney-Client Privilege**

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Its purpose is to "encourage full and frank communications between attorneys and their clients. *Id.* at 389. Governmental entities are entitled to the same privileges with attorneys as a private party. *Sandra T.E. v. Berwyn Sch. Dist. 100,* 600 F.3d 612, 620–21 (7th Cir. 2009). "The public interest is best served when agencies of the government have access to the confidential advice of counsel regarding the legal consequences of their past and present activities and how to conform their future operations to the requirements of the law." *Id.* at 621. It is well settled that communications between a lawyer and a client in connection with the rendition of legal services are shielded from discovery by the attorney-client privilege. *Id.* at 618 (citing *Upjohn,* 449 U.S. at

8

394–99; *Trammell v. United States,* 445 U.S.40, 51 (1980)). The attorney-client privilege protects not only the attorney-client relationship "in imminent or ongoing litigation but also the broader attorney-client relationship outside the litigation context." *Sandra T.E.*, 600 F.3d at 621.

The attorney-client privilege mandates:
> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 (1961)); *Gaura v. Anderson, O'Brien, Bertz, Skrenes & Golla, LLP*, 2020 U.S. Dist. LEXIS 221186, at *7 (W.D. Wis. Nov. 25, 2020). Courts consider: "(1) whether legal advice of any kind was sought from a professional legal adviser in his capacity as such; and (2) whether the communication was related to that purpose and made in confidence by the client." *Guara*, 2020 U.S. Dist. LEXIS 221186, *14–15 (citation omitted). The attorney-client privilege extends to and applies equally to an entities' employees who may possess knowledge concerning the subject matter for which advice is sought. *Upjohn*, 449 U.S. at 397.

Plaintiff's argument that Defendant City of Sheboygan waived privilege pursuant to Federal Rule of Evidence 502(a) fails because that rule is not applicable here. Federal Rule of Evidence 502(a) governs disclosure of information covered by the attorney-client privilege or work-product protection in a federal proceeding or to a federal office or agency. Rather, Plaintiff claims that documents that Defendant City of Sheboygan released pursuant to open records requests waived privilege.

9

### a. James Macy Communications

Plaintiff contends that Defendant City of Sheboygan waived attorney client privilege by releasing the January 4, 2023 closed session minutes and von Briesen invoices and asserting its affirmative defense of advice of counsel at paragraph 28 of Defendants' Affirmative Defenses included in their Answer to Plaintiff's Amended Complaint. Plaintiff characterizes the waiver as a broad subject matter waiver relating to all communications with James Macy related to the January 4 meeting subjects, Wolf's potential legal claims, the City's injuring Plaintiff and whether Defendant Adams misled Macy about Plaintiff's contract. (ECF. 77, Pp. 13-14) However, the City Defendants' affirmative defense was a limited waiver relating specifically to the "advice of outside counsel in relation to the determination that Plaintiff could be legally terminated without cause." (ECF. 65, Pp. 157, ¶ 28) The advice of counsel affirmative defense acts as an "at-issue" limited waiver of attorney client privilege only, not a broad waiver of all communications with Attorney Macy. The release of the January 4, 2023, closed session minutes and von Briesen invoices do not transform the limited "at-issue" waiver included in the City Defendants' affirmative defense into the broad waiver that Plaintiff seeks. *See Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, 2007 U.S.Dist. LEXIS 5974 *5, 2007 WL 21871 (E.D. Wis. Jan. 26, 2007) (citing *Echostar Communs. Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006) (holding that waiver of attorney-client privilege when an advice of counsel defense is claimed waives privilege only to those communications regarding the same subject matter that forms the basis for the affirmative defense)); *see also Silverman v. Motorola, Inc.*, 2010 U.S. Dist. LEXIS 67230 # 13-14, 2010 WL2697599 (N.D. Ill. July 7, 2010). (holding that Defendants' narrowly drawn advice of counsel affirmative defense was only a limited waiver of attorney-client privilege in relation to the advice provided by counsel upon which the affirmative defense is based.)

10

## 2. Attorney Work Product

Plaintiff lumps the attorney-client and attorney work product privileges together in his Brief in support of his Motion to Compel. However, the two privileges are separate and distinct privileges having different objectives and different elements. The attorney-client privilege applies to communications between the attorney and the client regardless of whether there is any anticipation of litigation. *Sandra T.E.*, 600 F.3d at 621. The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3).

Rule 26(b)(3) protects "documents and tangible things … prepared in anticipation of litigation or for trial." Federal Rule of Civil Procedure 26(b)(3). The work product doctrine encompasses documents prepared in anticipation of litigation by a party's representative or agent. *Sandra T.E.*, 600 F.3d at 621 (covering material "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . . .")); *United States v. Nobles*, 422 U.S. 225, 238-239, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975) (recognizing that "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial."). Thus, the doctrine protects against "invading the privacy of an attorney's course of preparation [which] is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512, 91 L. Ed. 451, 67 S. Ct. 385 (1947).

Anticipation of litigation has nothing to do with applicability of the attorney-client privilege. "When an attorney conducts a factual investigation in connection with the provision of legal services, any notes or memorandum are documenting client interviews or other client

11

communications in the course of the investigation are fully protected by the attorney-client privilege." *Sandra T.E.,* 600 F.3d at 620. "The work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Id.*

### a. Hall Investigation

Plaintiff alleges that the City Defendants' release of Attorney Hall's investigation report, von Briesen invoices, and Common Council closed session minutes pursuant to a valid open records request has resulted in a full subject matter waiver of attorney client privilege and attorney work product privilege in relation to Attorney Hall's investigation. The Supreme Court has recognized that an attorney's notes of witness' oral statements tends to reveal the attorney's mental processes because it discloses "what he saw fit to write down regarding witnesses' remarks." *Upjohn,* 449 U.S. at 399 (quoting *Hickman,* 329 U.S. at 513)(stating "forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes); *see also Baker v. General Motor Corp.,* 209 F.3d 1051, 1054 (8th Cir. 2000) (explaining "attorney notes reveal an attorney's legal conclusions because, when taking notes, an attorney focuses on those facts which she deems legally significant."). Here, Defendant City of Sheboygan is well served by the privilege in the civil context which allows them to investigate potential wrongdoing and pursue remedial options. *Sandra T.E.,* 600 F.3d at 621. Not upholding the work product privilege in relation to Attorney Hall, including her investigation notes, witness interview notes, memoranda and other documents reflecting her work product would be a disservice to the public.

### C. Plaintiff's Motion to Compel Defendant City of Sheboygan to withdraw its relevance objection is premature and should be denied on that basis.

On November 13, 2023, Plaintiff served five separate First Sets of Written Discovery on Defendant City of Sheboygan. (*See* Murphy Decl. ¶ 2) The Court granted Defendant City of Sheboygan's motion to extend its deadline to January 5, 2024 time to serve its objections and responses to Plaintiff's First Set of Written Discovery. (*See* Murphy Decl. ¶ 7) The parties agreed to an additional one-week reciprocal extension through January 12, 2024. (*See* Murphy Decl. ¶ 8, Ex. C) After the parties' meet and confer telephone conference to discuss disputes, Plaintiff's counsel agreed that a number of her discovery requests contained therein were overly broad and she agreed to revise them. (*See* Murphy Decl. ¶ 19) Plaintiff's counsel further agreed to send a Narrowed First Set of Discovery to the City Defendants. (*See* Murphy Decl. ¶ 19)

On January 25, 2024, at 6:43 p.m. Plaintiff served a Narrowed Set of Discovery which was 64 pages, single spaced and clumped the discovery requests to all City Defendants into a single pdf document. (*See* Murphy Decl. ¶ 23, Ex. Q) In the Narrowed Set of Discovery, Plaintiff's counsel revised and Narrowed the First, Second and Third Sets of Written Discovery to Defendant City of Sheboygan combining them into a single document; the First Set of Interrogatories and Requests for Production to the Alderpersons; the Third Set of Interrogatories and Requests for Production to Defendants Adams, Donohue and Sorenson, excluding the First Sets of Interrogatories and Requests for Production entirely. (The sets she indicated she was going to revise and narrow). (*See* Murphy Decl. ¶ 24)

The Narrowed Set of Written Discovery issued to Defendant City of Sheboygan had been altered significantly. For instance, Plaintiff deleted several Interrogatories and Requests for Production and redirected some of the Interrogatories and Requests for Production to other City Defendants. In addition, Plaintiff modified the custodians, terms and time periods for several of

13

the Interrogatories and Requests for Production. (*See* Murphy Decl. Ex. Q) As a result, Defendants' counsel had to sift through a 64-page document that was difficult to understand, compare what it contained to the 10 prior sets of written discovery requests issued to the City Defendants as well as the prior responses; completely revise their existing responses; and run a substantial number of searches for electronically stored information. (*See* Murphy Decl. ¶ 25) On January 26, 2024, due to the magnitude of the work required to evaluate and respond to Plaintiff's Narrowed Set of Written Discovery, Defendants' counsel notified Plaintiff's counsel that the City Defendants would not be providing responses and objections to the written discovery served on December 29, 2023 since it was now moot given that Plaintiff had elected to revise that discovery and would work to provide the City Defendants objections, answers and responses to the Narrowed Set of Written Discovery received on the eve of January 25 no later than February 23, 2024. (*See* Murphy Decl. ¶ 26, Ex. R)

Plaintiff's counsel did not believe that it should take the City Defendants 30 days to respond to the Narrowed Set of Written Discovery that she had submitted and asked Defendants' counsel to justify why they would need any more time beyond February 15, 2024. (*See* Murphy Decl. ¶ 27Ex. R) Defendant's counsel responded advising that they could not respond to over 70 pages of correspondence/ Plaintiff's Narrowed Written Discovery requests in a shorter time period, due to other client obligations. (*See* Murphy Decl. ¶28 Ex. R)

Plaintiff's counsel did not provide any further response or resistance to the February 23, 2024 deadline for the City Defendants to provide their objections, answers and responses to Plaintiff's Narrowed Set of Written Discovery. (*See* Murphy Decl. ¶ 29) Moreover, the rules provide that a party has 30 days after being served with Interrogatories and Requests for Production to serves its responses and any objections. *See* Fed. R. Civ. P. 33, 34. Plaintiff's Narrowed Set of

14

Written Discovery, which significantly altered the prior sets of discovery, triggered F.R.C.P. 33 and 34 providing the City Defendants with 30 days to provide their responses and objections.

Based on the foregoing, in accordance with both the federal rules and the agreement of the parties, the City Defendants have until February 23, 2024 to provide their objections, answers and responses to Plaintiff's Narrowed Set of Written Discovery served on January 25, 2024. Consequently, Plaintiff's Motion to Compel Defendant City of Sheboygan to withdraw an objection that it has not yet asserted in response to the Narrowed Set of Written Discovery is premature. Moreover, had Plaintiff's counsel simply contacted Defendants' counsel prior to filing the Motion to Compel in relation to this issue, she would have been notified that the Defendant City of Sheboygan had evaluated the position she espoused during the meet and confer conference on January 22 and was not going to assert an objection based on a discovery request seeking information that was not related to Claim 3, the only remaining claim asserted against the City. (*See* Murphy Decl. ¶ 32)

### D. Plaintiff's Motion for Sanctions should be denied.

Plaintiff seeks sanctions against Defendant City of Sheboygan and its counsel purportedly because they disagreed with Plaintiff's position that the City of Sheboygan's release of records pursuant to a valid public records request constituted a full subject matter waiver of attorney client privilege. Defendant City of Sheboygan had every right to assert objections based on attorney client privilege, attorney work product and prepared in anticipation of litigation and did so appropriately in their responses to Plaintiff's First and Second Sets of Written Discovery.

The City Defendants have been anything but dilatory in relation to this litigation. They waded through a Complaint and an Amended Complaint that exceeded 450 paragraphs each. They have drafted two Motions to Dismiss. They responded to 10 sets of discovery, only to be served a

15

revised Narrowed Set of Written Discovery, that they are now in the process of responding to. It is Plaintiff and his counsel that have made every step of this litigation difficult and expensive. Moreover, Plaintiff's counsel has chosen to include inflammatory statements attacking the City Defendants as well as their counsel in her communications and filings making this litigation unnecessarily contentious. Defendants' counsel have strived to maintain civil and professional communications with Plaintiff's counsel, but it becomes increasingly difficult to do so with the personal jabs and attacks that are included in Plaintiff's counsel's written communications and filings.

Poorly drafted discovery is the reason for the objections asserted by the City Defendants in relation to Plaintiff's written discovery to date. Moreover, following the parties' counsel's meet and confer conference on January 22, 2024, the City Defendants offered to compromise on the privilege dispute by offering a limited privilege waiver in relation to the specific subject included in Plaintiff's Motion to Compel. This motion for sanctions is especially egregious given that the compromise offered by the City Defendants is very similar to the relief sought by Plaintiff in his Motion to Compel.

### III.  CONCLUSION

For the reasons stated above, Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderpersons Betty Ackley, Dean Dekker, Barbara Felde, Roberta Filicky-Peneski, Grazia Perrella, Angela Ramey, Zachary Rust, Amanda Salazar, and Sheboygan Area School District Board Member Mary Lynne Donohue respectfully request that the Court deny Plaintiff's Motion to Compel and request for sanctions in its entirety and for such other and further relief as the Court deems just and equitable. Defendants further request that if a hearing is scheduled in relation to Plaintiff's Motion to Compel, that it be scheduled after February 26, 2024

16

because Attorney Murphy, who was involved in a majority of the discovery related disputes / communications with Plaintiff's counsel, will be on vacation from February 16 to 26, 2024.

Dated at Milwaukee, Wisconsin this 19th day of February 2024.

**MWH LAW GROUP LLP**
Attorneys for Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderperson Betty Ackley, Alderperson Dean Dekker, Alderperson Barbara Felde, Alderperson Roberta Filicky-Peneski, Alderperson Grazia Perrella, Alderperson Angela Ramey, Alderperson Zachary Rust, Alderperson Amanda Salazar, and President Sheboygan Area School District Mary Lynne Donohue

By: /s/ *Electronically signed by Warren E. Buliox*

| | |
|---|---|
| Warren E. Buliox | SBN 1056215 |
| Julie T. Bittner | SBN 1128144 |
| Kerrie M. Murphy | SBN 1122869 |

735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*warren.buliox@mwhlawgroup.com*
*julie.bittner@mwhlawgroup.com*
*kerrie.murphy@mwhlawgroup.com*

17