UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TODD WOLF,

                              Plaintiff,

v.                                                                                                  Case No. 23-CV-149

CITY OF SHEBOYGAN, et al.,

                              Defendants.

_____

**[PROPOSED] PROTECTIVE ORDER**
_____

This Court, having considered Plaintiff Todd Wolf's motion for a protective order under Fed. R. Civ. P. 26(c) and Civil L. R. 26(e), the Court finds good cause to enter the following protective order in this matter:

**(A) PLAINTIFF'S DEPOSITION.** Neither the Defendants nor counsels for the Defendants shall conduct the deposition of Plaintiff in an abusive, harassing, or intimidating manner.

    (1) No Defendant shall be physically present for the deposition of Plaintiff Todd Wolf but they may appear, if they desire, via video teleconference.

    (2) There shall be no more than six (6) persons total present at the deposition of Plaintiff for all Defendants and counsels for the Defendants.

**(B) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** The Plaintiff Todd Wolf shall affix on any document, material or information, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For multimedia files (mp3, mp4, etc.), Plaintiff shall label the tangible item(s) or material as CONFIDENTIAL in the title to the multimedia file and shall label any portions of any transcript of multimedia to as confidential.

    (1) The Plaintiff may designate information, documents, or materials he produces as "CONFIDENTIAL" where Plaintiff believes in good faith, they contain nonpublic confidential personal, medical, health, financial, or otherwise sensitive information.

    (2) Plaintiff may designate any information, documents, or other material he produces as "ATTORNEYS' EYES ONLY" where Plaintiff believes in good faith, they contain

1

particularly sensitive, nonpublic confidential and/or personal information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Plaintiff shall designate confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to, or contemporaneously with, their production or disclosure.

(4) If Plaintiff inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and Plaintiff shall take all steps reasonably required to assure its continued confidentiality if Plaintiff provides written notice to the Defendant(s) or their counsel within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the Defendants or counsel for the Defendants or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). Nothing in this Order prohibits the City of Sheboygan from sharing such information, documents or other material with its insurance providers or other government agencies as allowed by applicable law.

(1) CONFIDENTIAL INFORMATION. The Defendants and counsels for the Defendants must not disclose or permit the disclosure of any information, documents or other material Plaintiff designates as "CONFIDENTIAL" by any other Defendant or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of Defendants' legal counsel that have appeared in this case as counsel of record and who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom the Defendants' counsel makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence and must sign Appendix A hereto.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order and must sign Appendix A hereto.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be

2

subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must sign Appendix A hereto.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and must sign Appendix A hereto.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information and to the Court and the Court's staff.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of Defendants' legal counsel that has appeared in this case as counsel of record and who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom the Defendants' counsel makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence and must sign Appendix A hereto.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order and must sign Appendix A hereto.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must sign Appendix A hereto.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and must sign Appendix A hereto.

(e) Disclosure may be made to insurance providers for the government or any non-government Defendants if permitted by law.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information and to the Court and the Court's staff.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as

confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

 (1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

 (2) To the extent that Plaintiffs' answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal confidential information, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d).

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION**. The Defendants may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. Plaintiff bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION**. At the conclusion of the litigation, the Plaintiff may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or destroyed by the Defendants unless otherwise provided by law. Notwithstanding the requirements of this paragraph, the Defendants and/or counsel for the Defendants may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**SO ORDERED.**

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned *Wolf v. City of Sheboygan, et. al.,* 23-CV-149, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Wisconsin in matters relating to this Protective Order for Plaintiff Todd Wolf's information and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, business, entity, or third party, nor for any concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Signature: _____

(Print) Full Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____