# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

      Plaintiff,

                                       Case No. 23-cv-149

v.

CITY OF SHEBOYGAN, et. al.,

      Defendants.

---

**DEFENDANTS' CITY OF SHEBOYGAN, MAYOR RYAN SORENSON, CITY ATTORNEY CHARLES ADAMS, ALDERPERSONS BETTY ACKLEY, DEAN DEKKER, BARBARA FELDE, ROBERTA FILICKY-PENESKI, GRAZIA PERRELLA, ANGELA RAMEY, ZACHARY RUST, AMANDA SALAZAR, AND MARY LYNNE DONOHUE'S REPLY IN SUPPORT OF THEIR PROPOSED ORDER ON PLAINTIFF'S MOTION TO COMPEL**

---

**NOW COME** Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderpersons Betty Ackley, Dean Dekker, Barbara Felde, Roberta Filicky-Peneski, Grazia Perrella, Angela Ramey, Zachary Rust, Amanda Salazar, and Mary Lynne Donohue, ("City Defendants") by and through the undersigned counsel, and hereby submit their Reply in Support of their Proposed Order on Plaintiff's Motion to Compel.

## ARGUMENT

The City Defendants deny Plaintiff's counsel's assertion that the Proposed Order submitted by the undersigned counsel on March 8, 2024 failed to accurately represent the Court's oral rulings during the March 4, 2024 hearing. In fact, City Defendants' counsel made every effort to fairly and accurately reflect the Court's oral rulings. Plaintiff's counsel decision to allege that the City Defendants' counsel drafted its proposed Order in bad faith is both untrue and yet another unnecessary attack on the undersigned.

**Hall Investigation**

To the extent that Plaintiff is asking that "notes reflecting" be deleted from the City Defendant's proposed Order regarding the parameters of discovery in relation to Hall's investigation, the City Defendants do not object to Plaintiff's requested modification to the Proposed Order.

**Attorney Macy Communications**

The City Defendants dispute Plaintiff's assertion that during the hearing the Court held that Plaintiff was entitled to discovery related to communications with Attorney Macy regarding any subject matter discussed during the January 4, 2023 closed session, irrespective of when those communications took place. Rather, the Court held that the waiver of attorney client privilege was limited to communications with Attorney Macy that occurred during the January 4, 2023 closed session.

The only exception that the Court made in relation to communications with Attorney Macy related to Attorney Macy's advice regarding Plaintiff's termination, the affirmative defense raised by the City Defendants. The Court indicated that the City Defendants had agreed to waive attorney client privilege in relation to Attorney Macy's advice regarding Plaintiff's termination irrespective of when those communications occurred. The Court refused to order production of any additional communications to/from Attorney Macy that were otherwise protected and refused to order production of any of Attorney Macy's work product.

**City Attorney Adams Communications**

The City Defendants clearly delineated their position in their Brief in Opposition to Plaintiff's Motion to Compel and specifically included the Feb. 9, 2023 email extending its offer of a limited privilege waiver to Plaintiff as Ex. S to its Brief. (ECF No. 81, P. 7; ECF No. 82, Ex.

S) In their Opposition Brief, the City Defendants argued that the limited waiver of privilege offered by the City Defendants resolved the dispute regarding City Attorney Adams. (ECF No. 81, P. 7)

Exhibit S was specifically referenced during the March 4 hearing. Exhibit S very clearly states that the limited privilege waiver encompassed City Attorney Adams's communications <u>with Common Council</u> related to the August 22, 2022 racial slur incident; November 7 and November 28, 2022 letters issued to Plaintiff; Plaintiff's discipline (proposed PIP/prior discipline; Plaintiff's administrative leave; the Hall investigation and Plaintiff's termination).

Plaintiff's counsel did not raise any dispute regarding the City Defendants' limitation of its offered waiver of privilege to those communications between the City Attorney and Common Council. Rather, Plaintiff's counsel's argument during the March 4 hearing focused on not wanting the waiver to be limited to the "list of topics" identified in the City Defendants' February 9 email.

Judge Duffin specifically asked Plaintiff's counsel during the hearing if there was anything that Plaintiff had requested in his Motion to Compel that the City Defendants were not agreeing to and Plaintiff's counsel responded "No." Based on Plaintiff's counsel's statement, Judge Duffin did not seek any response from Defendants counsel regarding the waiver issue as it related to City Attorney Adams; adopted the limited waiver offered by the City Defendants and ruled that the issue had worked itself out.

Plaintiff should not be allowed to back track and change his position from the one taken during the hearing.

**Attorney's Fees and Sanctions**

Plaintiff's Objections to the City Defendants' Proposed Order does not take issue with the language in the proposed Order that "Plaintiff's Motion to Compel is DENIED in all other respects." This language is standard language included in Orders that are granted in part and denied

in part. This language was used by the City Defendants to encompass all other issues included in Plaintiff's Motion to Compel not specifically addressed by the Court in its oral rulings during the March 4 hearing. One of the issues not specifically addressed by the Court during the hearing was Plaintiff's motion for attorney's fees and sanctions.

Instead, Plaintiff argues that the City Defendants' Proposed Order is further evidence that Plaintiff is entitled to attorneys fees and costs, for his Motion to Compel, or at a minimum, for the Objections he asserted in response to the Proposed Order. There is absolutely no merit to Plaintiff's argument, and it should be disregarded by this Court. The undersigned did not misrepresent the Court's oral rulings during the March 4 hearing.

Moreover, Plaintiff's underlying motion sought sanctions against Defendant City of Sheboygan and its counsel because they asserted objections based on attorney client privilege, attorney work product and prepared in anticipation of litigation in their responses to Plaintiff's First and Second Sets of Written Discovery. The parties disagreed on the waiver of privilege issue. Those disagreements were discussed in relation to general categories of information set forth in Defendants' privilege log during the meet and confer call on January 22, 2024. (ECF No. 81, Pp. 15-16) Defense counsel indicated during the call that she would discuss Plaintiff's position with her clients and provide Plaintiff's counsel with a response. (ECF No. 82, ¶ 21) Defense counsel responded with an offer to compromise on the dispute on February 9, 2024. (ECF No. 82, Ex. S)

In the interim between the meet and confer and the offered compromise, Defense counsel was trying to respond to the second set of discovery to all City Defendants that was due on January 26 and then had to gut those responses and start responding to the narrowed set of discovery received on January 25. (ECF No. 82, ¶¶ 13, 23-25) The City Defendants and counsel have not been dilatory in responding to discovery in this case as Plaintiff's counsel suggests. (ECF No. 82)

4

The City Defendants and counsel have spent countless hours responding to 10 sets of discovery to the various City Defendants only to have revised sets issued that had to be responded to. *Id.*

The City Defendants and their counsel request that the Court deny Plaintiff's attempt to renew his motion for attorney's fees and sanctions in its entirety and retain the standard language proposed by the City Defendants that "Plaintiff's Motion to Compel is DENIED in all other respects."

Dated at Milwaukee, Wisconsin this 19th day of March 2024.

**MWH LAW GROUP LLP**
Attorneys for Defendants City of Sheboygan, Mayor Ryan Sorenson, City Attorney Charles Adams, Alderpersons Betty Ackley, Dean Dekker, Barbara Felde, Roberta Filicky-Peneski, Grazia Perrella, Angela Ramey, Zachary Rust, Amanda Salazar, and Sheboygan Area School District Board Member Mary Lynne Donohue

By: /s/ *Electronically signed by Warren E. Buliox*

Warren E. Buliox      SBN 1056215
Julie T. Bittner      SBN 1128144
Kerrie M. Murphy      SBN 1122869
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*warren.buliox@mwhlawgroup.com*
*julie.bittner@mwhlawgroup.com*
*kerrie.murphy@mwhlawgroup.com*

5