UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD WOLF,

    Plaintiff,

v.

                                            Case No. 23-cv-149

CITY OF SHEBOYGAN, et. al.,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

For the reasons more fully stated on the record during the March 4, 2024 hearing, and having considered the defendants' proposed order and the plaintiff's objections

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 77) is GRANTED in part and DENIED in part as follows:

**Attorney Hall's investigation**.

The order GRANTING Plaintiff's Motion to Compel discovery in relation to Attorney Hall's investigation is limited to:

- All communications to and from Jill Hall relating to the investigation she was hired to complete on November 14, 2022; and

- All documents provided to/from Attorney Hall in relation to the investigation she was hired to complete on November 14, 2022.

Plaintiff's Motion to Compel disclosure of Attorney Hall's work product is DENIED in its entirety.

**Attorney Macy's communications.**

The order GRANTING Plaintiff's Motion to Compel discovery regarding Attorney Macy's communications is limited to those communications to or from Attorney Macy regarding any topic raised during the January 4, 2023, Common Council closed session meeting, with one caveat. Based on the advice of counsel defense asserted in paragraph 28 of City Defendants' Answer to Plaintiffs' Amended Complaint, the City Defendants have agreed to an "at-issue" waiver of attorney client privilege related to Attorney Macy's advice regarding Plaintiff's termination irrespective of when those communications occurred.

Plaintiff's Motion to Compel disclosure of Attorney Macy's work product is denied in its entirety.

**City Attorney Adams's communications.**

The order GRANTING Plaintiff's Motion to Compel discovery in relation to communications between City Attorney Adams and the Common Council is limited to:

- The Aug. 22, 2022, alleged racial slur incident;
- The Nov. 7 and Nov. 28, 2022, letters issued to Plaintiff;
- Plaintiff's discipline (proposed PIP/prior discipline);
- Plaintiff's administrative leave;
- The Hall investigation; and
- Plaintiff's termination.

The order GRANTING Plaintiff's Motion to Compel discovery in relation to communications made during the October 17, 2022, October 24, 2022, November 7, 2022, and January 4, 2023, Common Council closed sessions is limited to:

- Communications made during the closed session meetings by the City Attorney, Mayor, Alderpersons, Attorney Macy or Attorney Hall; and
- Notes taken by City Attorney Adam's designee on October 24, 2022; notes taken by the City Clerk's designee on November 7, 2022; and notes taken by the Alderpersons during any of the four closed sessions.

The court cannot provide a broad prospective finding regarding potential claims of privilege. The existence and waiver of the attorney client privilege must be assessed in light of the specific facts. Those facts are not presently before the court.

Plaintiff's Motion to Compel is DENIED in all other respects.

In accordance with Fed. R. Civ. P. 37(a)(3)(C), the court declines to awards expenses to either side. The court having largely accepted the position the defendants set forth in the meet-and-confer process, ordinarily it would be appropriate to order the plaintiff to pay the bulk of the defendants' costs. However, the court finds that the circumstances make the award of expenses unjust at this time. The court cautions the parties that it may scrupulously apportion all future expenses should the parties continue to prove unable to resolve discovery disputes without the court's involvement.

Finally, the court advises the parties that it is generally not available to address objections that arise during depositions. Rather, any matter arising at a deposition that requires the court's involvement must be addressed to the court in writing and in accordance with Fed. R. Civ. P. 30(c) and (d).

Dated at Milwaukee, Wisconsin this 21st day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge